No. 19,789.

WILLIAM A. SHARP *v.* HARRY C. TINSLEY, WARDEN.

(362 P. [2d] 859)

Decided June 19, 1961.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

WE will refer to the plaintiff in error as the petitioner and to the defendant in error as the Warden.

Petitioner's application for a writ of habeas corpus was dismissed and this writ of error is directed to the refusal of the trial court to issue the writ or to grant a hearing thereon.

In his application for the writ, petitioner sets forth a number of grounds upon which he relies in support of his assertion that he is being illegally detained by the Warden in the State Penitentiary and is entitled to immediate discharge from custody. The Attorney General in his answer brief justifies the action of the trial court in refusing to issue the writ or to grant a hearing thereon, under that portion of the statute (C.R.S. '53, 65-1-1) which reads as follows:

" * * * The court or judge to whom the application is made shall forthwith award the writ of habeas corpus, *unless it shall appear* from the petition itself, or from the documents annexed, *that the party can neither be discharged nor admitted to bail, nor in any other manner relieved;* * * *." (Emphasis supplied.)

As to most of the allegations of the petition, it is clear that the court could afford the petitioner no relief, and, if such allegation were the only basis upon which relief was sought, the ruling of the court would have been correct. However, three paragraphs of petitioner's application read as follows:

"5. In October of 1955, petitioner filed a petition for Executive Clemency with the then Governor of the State of Colorado, The Honorable Edwin C. Johnson. On July 13, 1956, The Honorable Edwin C. Johnson, Governor of the State of Colorado by 'Executive Order' commuted petitioner's sentence to not less than (1) one year (3) months and (13) thirteen days to not more than (10)

ten years, and the petitioner was released on parole on August 13, 1956.

\* \* \*

"7. On February 9, 1960, petitioner was again arrested by the State Department of Paroles and returned to the Colorado State Penitentiary and charged with violation of the conditions of his commutation.

"8. On February 22, 1960, petitioner met with the Board of Paroles and the State Board of Paroles ordered him to resume serving his minimum sentence of (5) five years. All contrary to the laws of the State of Colorado, and exceeding the authority bestowed upon the State Board of Paroles by the Legislature."

The foregoing allegations, if true, may entitle petitioner to some relief. The commutation superseded the mittimus issued upon the original conviction and reduced the petitioner's minimum sentence to one year, three months and thirteen days. Unless it be shown by some evidence in a hearing that the commutation of the Governor was revoked, the petitioner could not be required by the Warden or the Parole Board, or anyone else, to resume serving the five year minimum sentence originally imposed by the court. The Attorney General states in his brief that there are records in the Parole Board office and in the office of the Governor indicating that "a subsequent executive order" voided the previous commutation. It is stated — again in the brief — that the commutation was a conditional one containing the notation that it "shall be null and void upon subsequent executive order." These matters attempted to be placed before this court by the Attorney General are not in the record. They are not apparent on the face of the petition. It may be that had a hearing been held and these records produced, the court would have been justified in discharging the writ. But that is not the crux of this writ of error. The error urged here is the summary refusal by the court to issue the writ or grant a hearing

when the allegations on the face of the petition indicated recitals that entitled the petitioner to the writ forthwith.

The judgment is accordingly reversed and the cause remanded to the trial court with directions to issue the writ and to conduct a hearing on the issues presented by the allegations pertaining to petitioner's status under the executive order commuting his sentence.

Other grounds urged by the petitioner are without merit.

MR. JUSTICE DOYLE not participating.