No. 20,060.

ARTHUR EUGENE BERRY, JR., *v.* STATE BOARD OF PAROLE.

(367 P. [2d] 338)

Decided December 11, 1961.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

548

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

Plaintiff in error, to whom we will refer as petitioner, filed a petition in the trial court for a writ of certiorari by which he sought to have the district court of Montrose County review the action of the Parole Board in revoking his parole and ordering him to remain in confinement in the Colorado State Penitentiary for at least two years before again being considered for parole. The trial court refused to issue the writ and entered a judgment dismissing the petition. It is that judgment petitioner, appearing here pro se, seeks to have reviewed.

The sole questions to be determined are whether under Rule 106 (a) (4) R.C.P. Colo., one filing a complaint and requesting certiorari to some inferior board or tribunal is entitled as a matter of right or as a matter of course to have said writ issue or whether the court, noting from the petition the deficiency thereof, may deny it forthwith. We hold that the court properly dismissed the petition.

The Colorado statutes make it clear that parole is definitely a matter of grace, not a matter of right. C.R.S. '53, 39-18-1. It is also general law that "A parole is a mere matter of grace, favor, or privilege, and a prisoner is not entitled thereto as a matter of right." 67 C.J.S. 604, Pardons, §20.

New York, having statutes similar to ours involving parole, has on several occasions considered the nature of parole and whether the acts of the parole board are subject to review either by certiorari, habeas corpus or mandamus. The matter being definitely one of grace is not such a function as is reviewable by the court. *People, ex rel. La Placa v. Heacox,* 238 App. Div. 217, 263 NYS 407; *People v. Bates,* 36 NYS (2d) 64; *Ditchik v. State Board of Parole,* 181 Misc. 346, 46 NYS (2d)

564; *Application of Cilento,* 276 App. Div. 632, 97 NYS (2d) 201.

In 14 C.J.S. 148, note 82, the action of a parole board is specifically listed as an example of the type of administrative decision not reviewable by certiorari.

█ The petition, showing on its face that no relief could be granted, it was properly dismissed without further inquiry, or without certification to the Court of the records of the proceedings before the parole board.

"Although an order to show cause is usually granted on an ex parte application to the court or judge it is not allowed as a matter of course, but is a matter within the discretion of the court." 60 C.J.S. 23.

" * * * It has been contended that the rule to show cause is of course; on this point it may be proper to remark, that it is not of course, either in this country or in England. Buller says it is granted for little more than asking;—but this little more shows it is not of course: * * * " *Stille v. Wood,* 1 N.J.L. 224, 225.

" * * * The very right to issue a rule to show cause legally presupposes a judicial discretionary authority. * * * " *Rosenberg v. Silver,* 374 Pa. 74, 97 At. (2d) 92, 94.

The judgment of dismissal is affirmed.

MR. CHIEF JUSTICE HALL not participating.