## No. 20,217.

JAMES EDWARD FURLOW *v.* HARRY C. TINSLEY,
WARDEN OF COLORADO STATE PENITENTIARY.
(377 P. [2d] 132)

Decided December 24, 1962.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for
defendant in error.

*En Banc.*

Opinion by MR. JUSTICE HALL.

WE refer to the parties by name.

On April 17, 1956, Furlow entered a plea of guilty of
burglary and was sentenced by the District Court of
Mesa County to a term of not less than three years and
not more than five years in the State Penitentiary.

Furlow entered the penitentiary April 18, 1956, and remained there until April 18, 1958, on which date he was paroled.

On March 4, 1959, Furlow violated the terms of his parole and he was then returned to the penitentiary to serve the remainder of his term, having been on parole for a period of ten months and sixteen days.

On January 28, 1960, Furlow escaped, "walked off," in his words, and was apprehended in Idaho; and, on October 11, 1960, eight months and eleven days after his escape, was returned to the State Penitentiary and there remained until this proceeding was commenced.

On January 23, 1962, Furlow filed in the District Court of Fremont County his petition for a writ of habeas corpus wherein he sets forth the foregoing facts.

Furlow contends that the mittimus issued by the District Court of Mesa County is the only authority of Tinsley to restrain him of his liberty and that the same became ineffective at the end of five years, April 17, 1961, plus the time he was an escapee. He was an escapee for eight months and eleven days, so, according to Furlow, the mittimus became ineffective on January 15, 1962.

The trial court considered the petition and concluded that Furlow could not be released until he had served his maximum sentence and that the time he was on parole, ten months and sixteen days, and the time that he was an escapee, eight months and eleven days, should not be considered as time served, and thereupon denied the petition.

Furlow is here by writ of error seeking reversal.

Clearly, under C.R.S. '53, 39-18-2, the period of time Furlow was on parole, ten months and sixteen days, cannot be considered as time served. That section provides:

"The paroled convict who upon the order of the state board of parole, may be returned to the penitentiary,

shall be retained therein according to the terms of his original sentence and in computing the period of his confinement the time between his release upon said permit and his return to said penitentiary shall not be taken to be any part of the term of the sentence."

It is equally clear that Furlow cannot receive credit on his sentence for the eight months and eleven days he was an escapee. C.R.S. '53, 105-4-6.

█ Thus it appears on the face of Furlow's petition that he has not served the necessary time to warrant his release.

Proceeding pursuant to C.R.S. '53, 65-1-1:

" * * * The court or judge to whom the application is made shall forthwith award the writ of habeas corpus, unless it shall appear from the petition itself, or from the documents annexed, that the party can neither be discharged nor admitted to bail, nor in any other manner relieved; * * * ." the trial court properly denied Furlow's petition.

The judgment is affirmed.