No. 20,530.

Albert J. Kostal *v.* Harry C. Tinsley, Warden, Colorado State Penitentiary.
(381 P. [2d] 43)

Decided April 29, 1963.

Plaintiff in error, pro se.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank

E. Hickey, Deputy, Mrs. Aurel M. Kelly, Special Assistant, for defendant in error.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the Court.

By a handwritten petition filed in the district court of Fremont County, Kostal sought the issuance of a writ in the nature of habeas corpus, directed to Harry C. Tinsley, Warden of the Colorado State Penitentiary, to show good cause why "petitioner should not be restored to his rightful liberty and discharged from custody of the respondent." The trial court refused to issue the writ and dismissed the petition on the ground that it was legally insufficient to warrant the issuance of the order to show cause and then entered appropriate judgment which by the present writ of error Kostal seeks to reverse.

From the petition and a copy of the mittimus attached thereto it is learned that on July 14, 1961, Kostal was convicted in the district court of Jefferson County of the crime of murder in the first degree and on that same day was sentenced to the State Penitentiary "for life, at hard labor." That judgment and sentence forms the basis for a separate writ of error prosecuted in this court by Kostal and presently awaiting the filing by him of the record. *Kostal v. People,* our docket number 20145.

Kostal alleges in his petition that for a two months period immediately after his arrival at the State Penitentiary pursuant to this judgment and sentence he was by order of the Senior Captain of the Guards at that institution "denied access to or use of his trial notes, legal material and typewriter." Apparently at the expiration of this two month period Kostal was afforded access to the aforementioned materials, for in his peti-

tion he goes on to complain that he was *"again* denied access" to these materials for a period of time commencing about January 5, 1962, and ending April 5, 1962. (Emphasis supplied.) In his petition Kostal does not state any reason why he was denied access to these materials for this three months period of time, although reference to the writ of error seeking review of Kostal's conviction for murder discloses that he was granted additional time to file the record because of the fact that by order of the Warden of the State Penitentiary he was placed in "isolation" from January 5, 1962, to April 5, 1962, for an attempted escape.

We assume that from April 5, 1962, until June 29, 1962, Kostal was not in "isolation" and presumably had access to his notes, legal books and typewriter, such assumption being based on the further allegation in his petition that on this latter date he was again placed in "isolation with no privileges other than one letter a week" by another order of the Senior Captain of the Guards who, on circumstantial evidence deemed by him to be good and sufficient, believed that Kostal "was up to something" and that at the same time the Warden denied Kostal's request for "trial notes, paper and typewriter." On August 9, 1962, while thus isolated, Kostal filed his petition, handwritten, because he was not allowed "access to or use of his own typewriter."

Based on this chronology Kostal asked that the trial court issue a "show cause order" on Tinsley, the Warden, contending that he (Kostal) was entitled to his outright release because the Warden and his Captain were conspiring to deprive him of his constitutional rights and that "confinement in isolation [presumably without his legal notes, legal references and typewriter] is a punishment not provided under the statutes proscribing [sic] punishment for murder which provide for life term at hard labor" and that such also constitutes a type of involuntary servitude not permitted by the Thirteenth Amendment to the United States Constitu-

tion. He further contended that such constitutes an abrogation of the rights secured to him by the "due process" and "equal protection of law" clauses of the Fourteenth Amendment to the United States Constitution.

As was mentioned, supra, the trial court refused to issue the writ and dismissed the petition, in effect holding that even if the allegations in the petition were true, it did not justify the issuance of the writ. In so holding, the trial court was eminently correct.

We have repeatedly held that "in a habeas corpus action by a person convicted of a crime the sole question for consideration is whether the petitioner therein was convicted in a court having jurisdiction of his person and of the charge in the information, and the judgment and sentence were within the statutory limitations." *People ex rel Metzger v. District Court*, 121 Colo. 141, 215 P. (2d) 327.

Kostal seeks to escape the effect of this rule by pointing out that C.R.S. '53, 65-1-3 (2) provides that a prisoner can be discharged "where though the original imprisonment was lawful, yet by some act, omission or event, which has subsequently taken place, the party has become entitled to his discharge." Suffice it to say in this respect that in his petition Kostal does *not* allege any "act, omission or event" which would entitle him to be discharged from the State Penitentiary. Accordingly, the judgment of dismissal by the trial court is affirmed.

Mr. Justice Hall concurs in the result.