No. 20,626.

LESLIE R. GLASS *v.* HARRY C. TINSLEY, WARDEN OF THE COLORADO STATE PENITENTIARY.

(388 P. [2d] 249)

Decided January 13, 1964.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. RICHARD W. BANGERT, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

Plaintiff in error, as petitioner in the district court of Fremont county, sought the issuance of a writ of habeas corpus directed to the warden of the Colorado state penitentiary commanding that he "show cause, if any there be, why petitioner should not be discharged from custody of said respondent and restored to his rightful liberty."

The district court denied the petition for issuance of the writ and in so doing entered a written order which in pertinent part was as follows:

"4. That petitioner was received by the Warden of the penitentiary on June 28, 1955, to begin a sentence of four to twelve years which had been imposed upon him by the District Court of the City and County of Denver, Colorado.

"5. That petitioner contends, as near as this Court can determine, that the Warden has, by administrative policy, deprived him of statutory good time without allowing him to procure counsel or prepare a defense, and that such action was in violation of the 14th Amendment of the U. S. Constitution.

"6. That these are not matters properly raised by a petition for a writ of habeas corpus.

"7. That it appears from the face of the petition that petitioner can not be admitted to bail or given other relief.

"IT IS THEREFORE ORDERED that the petition for writ of habeas corpus be and the same is hereby denied."

On the face of the petition filed by plaintiff in error it appears that he rests his right to discharge from custody on the following propositions: (1) That the warden of the penitentiary has no right to deprive him of good time earned prior to the date upon which he became an escapee; (2) that the time which he spent outside the prison while on parole must be included in determining the expiration date of his sentence; (3) that upon his return to the penitentiary following revocation of his pa-

role he is entitled to statutory time off for good behavior as a matter of right; and (4) that he was denied due process of law when there occurred the "forfeiture of time earned on petitioner's sentence, without benefit of Notice, or of opportunity to engage counsel or prepare a defense, without finding of fact by a jury * * *."

■ There is no merit to any of these arguments. *Self v. People,* 133 Colo. 524, 297 P. (2d) 887; *Furlow v. Tinsley,* 151 Colo. 280, 377 P. (2d) 132; *In re Wier,* 102 Colo. 321, 78 P. (2d) 1094; *White, Warden v. Pearlman,* (10 C.C.A.) 42 F. (2d) 788; *United States ex rel Anderson v. Anderson,* 8 F. Supp. 812, (affirmed 76 F. (2d) 375).

The trial court was correct in holding that on the face of the petition it appeared that the petitioner was not entitled to relief.

The judgment is affirmed.