No. 20,818.

SYLVESTER JUNIOR MINOR *v.* HARRY C. TINSLEY, WARDEN,
COLORADO STATE PENITENTIARY.
(389 P. [2d] 850)

Decided March 2, 1964.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. THOMAS A. NELSON, JR., Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

WE will refer to the plaintiff in error as petitioner, as he was in the trial court.

He filed a petition for writ of habeas corpus in the Denver District Court, seeking release from custody of the warden of the state penitentiary at Canon City on the ground that he had completed his maximum sentence. There was set forth in detail in the petition the calculations petitioner claimed entitled him to his release. The court refused to issue the writ and summarily denied the petition. It is to the summary order of dismissal of the petition without the issuance of a writ and without a hearing thereon that petitioner brings the writ of error.

Authority cited for the argument advanced by the petitioner is *Struble v. Hicks,* 123 Colo. 16, 224 P. (2d) 932, wherein is to be found the following language: "Final determination of a habeas corpus proceeding is not to be had on the petition. It can only be had upon the answer and return to the writ, * * * ." The Struble case does not touch on the power of the court to deny a petition for a writ of habeas corpus where it appears on the face of the petition that the relief requested cannot be granted. The question was not before the court and was not ruled upon. Subsequently and very recently this court disposed of petitioner's contention in: *Furlow v. Tinsley,* 151 Colo. 280, 377 P. (2d) 132; *Kostal v. Tinsley,* 152 Colo. 196, 381 P. (2d) 43; *Glass v. Tinsley,* 154 Colo. 70, 388 P. (2d) 249.

C.R.S. '53, 65-1-1, also is a complete answer to petitioner's argument.

■ On the strength of this authority there should be no doubt, even to one who, as this petitioner, acts as his own counsel, that the trial court has authority to deny a petition for writ of habeas corpus sua sponte when it appears upon the face thereof that petitioner cannot be set at liberty or otherwise relieved.

■ That the petitioner could not be discharged was apparent by his own calculations and the allegations of

his petition. He claimed that he should have been given credit for time served while he was on parole from a sentence of not less than ten nor more than twenty-five years. His petition alleged that under automatic time allowances provided under the statute the maximum period of his confinement would be eleven years, five months and fifteen days. He admits in his petition that he has only served nine years and thirteen days within the confines of the penitentiary. He alleged that four years and nineteen days during which he was on parole should be counted as time served, and if counted he has served a total of thirteen years, one month and two days. Petitioner's erroneous calculation of time in the petition did not require a hearing to bring it to the court's attention. His ground for release was improper as a matter of law and was answered in *Furlow v. Tinsley* and *Glass v. Tinsley*, supra.

In the Furlow case we cited and upheld the applicable statute, C.R.S. '53, 39-18-2:

"Time of parole not considered when convict is reincarcerated. — The paroled convict who upon the order of the state board of parole, may be returned to the penitentiary, shall be retained therein according to the terms of his original sentence and in computing the period of his confinement the time between his release upon said permit and his return to said penitentiary shall not be taken to be any part of the term of the sentence."

The judgment is affirmed.