Arthur E. FERCHAW, Petitioner,

v.

Harry C. TINSLEY, Warden Colorado State Penitentiary, Respondent.

Civ. A. No. 8462.

United States District Court
D. Colorado.

March 4, 1964.

· Arthur E. Ferchaw, pro se.

DOYLE, District Judge.

The matter is before the Court on a petition to proceed in forma pauperis, together with a petition for a writ of habeas corpus. The petition to proceed in forma pauperis is accompanied by an affidavit which on its face is sufficient. It is therefore,

Ordered that the petition to proceed in forma pauperis be granted.

The petition for a writ of habeas corpus recites that the petitioner is incarcerated in the Colorado State Penitentiary pursuant to a judgment of the District Court in and for the City and County of Denver. Petitioner entered a plea of guilty to a charge of robbery in No. 45049 on January 12, 1958, and was thereupon sentenced to a term of five to ten years. Inasmuch as petitioner pled guilty he could not have appealed from the judgment of conviction to the Colorado Supreme Court on writ of error. People v. Brown, 87 Colo. 261, 286 P. 859 (1930).

■ Petitioner subsequently presented a prayer for habeas corpus relief to the District Court in and for Fremont County, which was denied on August 28, 1963. Thereafter petitioner presented a motion to vacate or correct sentence under Rule 35(b) of the Colorado Rules of Criminal Procedure to the sentencing court. That motion was denied on October 11, 1963. An application for rehearing of that motion was also denied on December 10, 1963. From these denials of relief sought under Rule 35(b), to which a writ of error to the Colorado Supreme Court would lie, no appeal was taken. Since the time for appeal from that denial of relief has not run the petitioner has not yet exhausted his state remedies. Such exhaustion of state remedies is a prerequisite to issuance of a federal writ of habeas corpus. Title 28 U.S.C. § 2254.

For other, substantive, reasons, moreover, it appears that petitioner is not entitled to habeas corpus relief. After petitioner had served less than five years of his 5- to 10-year sentence (apparently with allowances for good time) he was paroled—"as a matter of right," he alleges—but after being on parole for seventy days his parole was revoked. Petitioner makes no allegation that his parole was wrongfully revoked at that time. The gravamen of his complaint is, rather, that he has now served his full sentence. He was returned to the penitentiary, obliged to serve an additional sixteen months, after which he would again become eligible for consideration for parole. At that point, however, petitioner alleges, parole was denied. He was ordered, rather, to serve his maximum sentence. Petitioner now alleges that he has "completed his legal sentence as law and justice require, but is still being held in custody."

**924**

■ Contrary to petitioner's conviction, parole is not "a matter of right" under Colorado law. Berry v. State Board of Parole, 148 Colo. 547, 367 P.2d 338 (1961). The Colorado statute, C.R.S. '53, 39–19–1 similarly indicates that parole is a mere matter of grace, favor, or privilege. Contrary to petitioner's contention, time on parole is not considered to be time which applies against the sentence when the parolee is reincarcerated. C.R.S. '53, 39–18–2 clearly provides:

> "The paroled convict who upon the order of the state board of parole, may be returned to the penitentiary, shall be retained therein according to the terms of his original sentence and in computing the period of his confinement the time between his release upon said permit and his return to said penitentiary shall not be taken to be any part of the term of the sentence."

■■ A federal district court would have jurisdiction to issue a writ of habeas corpus in the instant case only if the alleged failure of the parole board to grant parole were cognizable as a violation of the Fourteenth Amendment. It is not so cognizable. The grant of parole is a matter of legislative grace and the ultimate decision as to its grant or denial is entrusted to the state parole board. A writ of habeas corpus in the federal district court is not available to secure relief from its decisions. In re Smigelski's Petition, 185 F.Supp. 283 (D.N.J. 1960).

In its opinion in In re Costello, 262 F.2d 214 (9th Cir.1959) the Court of Appeals for the Ninth Circuit dealt with the question whether or not a prisoner who was originally sentenced to a term of one to fourteen years, and who had his term set at six years by the California Adult Authority, and who was released on parole before serving the six years, could, upon violation of his parole, have his term fixed at fourteen years. It was held that the action of the state authority setting his term at fourteen years did not involve a federal question, but was purely one involving the interpretation of a state statute.

■ In the instant case, then, even more clearly, the action of the parole board denying petitioner parole and requiring him to serve the maximum sentence originally imposed by the sentencing court raises no federal question of violation of due process or equal protection. The petitioner has manifestly not served out the sentence originally imposed. His contention that he has done so is patently without merit and must be rejected. For these reasons, it is

Ordered that the petition for writ of habeas corpus be, and the same hereby is, denied.