Mr. Justice Day
delivered the opinion of the Court.
Espinoza will be referred to as petitioner, and defendant in error Tinsley, who is the Warden of the Colorado State Penitentiary, will be referred to as the respondent.
This writ of error is to an order of the district court denying petition for writ of habeas corpus. Refusal of the court to issue the writ was summary in nature with the court entering a finding that the petition on the face thereof shows that he (the petitioner) “can neither be discharged, admitted to bail or otherwise relieved.” The petitioner was not brought before the court, and no hearing was conducted.
The issue presented here is determined by our holding in Sharp v. Tinsley, 147 Colo. 84, 362 P. (2d) 859. In that case we held that it was error for the district court to refuse to issue the writ and to hold a hearing thereon when the allegations of the petition indicate sufficient facts to require the possible issuance thereof.
The statement by the court that the allegations of the petition show that he “can neither be discharged,.admit *349 ted to bail or otherwise relieved” was based on the erroneous premise that “the petitioner was released on parole.” From what source the court made that finding is not clear. There is no such allegation in the petition. Based on this error the court then made conclusions of law holding that parole is a discretionary matter; that the prisoner was always under technical custody, even while on parole; that the actions of the parole board are not subject to review by the court. Berry v. State Board of Parole, 148 Colo. 547, 367 P. (2d) 338. This is correct law, but it may not fit the facts.
The petitioner contends that he was not on parole. He contends that there was no parole agreement; that there were no conditions of parole imposed upon him, and that he could not violate a non-existent parole agreement. He contends that his sentence was commuted by the governor for purposes of release to the federal court to serve a concurrent sentence imposed by that jurisdiction. His allegations pertinent to this issue are as follows:
“(3)
“That on the 29th day of June, 1960, Petitioner was informed by Fred Wyse, Deputy Warden of the state Penitentiary, that he had been granted Executive Clemency to be effective on the following day, the 30th day of June, 1960. That said order granting petitioner clemency released him more than two (2) years before his minimum time would otherwise have expired.
“(4)
“That on the 30th day of June 1960, Petitioner was released from the State Penitentiary at Canon City, Colorado, and taken into custody by two Deputy United States' Marshals. He was subsequently transported to La Tuna, Texas, where from he was again taken, on or about the 4th day of August, 1960, to San Antianio, Texas, from where he was again taken on or about the 11th day of August, 1960, to Oklahoma City, Oklahoma and again taken on or about the 18th day of August, *350 1960, to Leavenworth, Kansas, and again taken on or about the 22nd day of August, 1960, to Des Moines, Iowa, and again taken on the 26th day of August, 1960, to Sandstone, Minnesota.
“(5)
“That at Sandstone, Minnesota, Petitioner was to finish serving the unexpired portion of a three and a half (3%) year term imposed against him by the Hon. Alfred A. Arraj, Chief Judge, U. S. District Court, on or .about April 1959, said sentence ordered to run concurrently with State term petitioner was then serving. That petitioner was discharged from said term of imprisonment on “Conditional Release,” on the 4th day of December,
1961.
“(6)
“That a few days prior to his discharge from the F.C.I. at Sandstone, Minnesota, Petitioner received a special delivery letter from one Gorden Higgie, Supervisor of Parole of the State of Colorado, ordering him to report to the State Parole office in Denver, Colorado, Immediately upon his arrival after his discharge from Sandstone, Minnesota. That said letter was the first contact petitioner had received from officials of the state of Colorado, since his release by Executive Clemency on the 30th day of June 1960.
“(7)
“That the Executive order granting petitioner clemency to be effective on the 30th day of June, 1960, and his subsequent surrender by State agents into the custody of U. S. Marshels for transportation to the State of Texas, was a waiver of jurisdiction by the State of Colorado, and petitioner could not therefore or thereafter be subject to the jurisdiction of the State of Colorado, unless he committed a new crime in said State after his June 30, 1960, release from the State Penitentiary. (See: Cooley’s Constitutional Limitations, 5th Ed. Page 16) That any order of Gorden Higgie, directing petitioner to report to the Parole department in Denver, *351 Colorado, was of no legal force nor effect as petitioner’s Freedom cannot be dependent upon the Whim, caprice or arbitrary discretion of a State Parole Agent. (See: Howard v. Regan, 59 Fed. Supp. 375).”
Attached to the petition was the governor’s order as follows:
“JOHN MAX ESPINOZA, CSP No. 31677, was sentenced March 27, 1959 to a term of six to ten years in the Colorado State Penitentiary for the crime of Burglary with and without force, now makes application for Executive Clemency. This application has been carefully considered and after mature deliberation, I have decided to extend clemency for the following reasons:
1. The Warden’s Certificate of Conduct shows that the record of the said JOHN MAX ESPINOZA, CSP No. 31677, has been good in the institution, with no reports for infraction of prison rules and he recommends him as being a good parole risk.
2. The said JOHN MAX ESPINOZA, CSP No. 31677, has a federal detainer placed against him for a sentence of 3]/> years, which has already been imposed by the Federal District Court, running concurrently with his present state sentence.
3. It is deemed that the interests of the said JOHN MAX ESPINOZA, CSP No. 31677, and the State of Colorado can be best served by granting a commutation of his minimum sentence so that he may be eligible for release to his federal detainer.
“It is, therefore,
“ORDERED: That the said JOHN MAX ESPINOZA, CSP No. 31677, be and the same is hereby commuted to a minimum sentence of two years leaving his maximum sentence at ten years, which will provide for his release to his federal detainer on July 5, 1960.
“GIVEN Under my hand and the Executive Seal of Colorado, this Nineteenth Day of May, A. D., 1960.
STEVE McNICHOLS
GOVERNOR.”
*352 Analyzing the governor’s order, we find the statement that Espinoza would be a good parole risk. We also find the statement that the reason for the exercise of executive clemency was to release him to a federal detainer. In the order proper, the governor repeats the provision that he has ordered him released to his federal detainer and makes no mention that he is to be released on parole.
There is considerable authority for petitioner’s grounds for the writ if the facts indicate that he comes within the lines of those cases so holding. One such case is Jones v. Morrow, 154 Kan. 589, 121 P. (2d) 219. Some of the language of that case points up the possibility of a similar situation in the case. The Kansas court said:
“ * * * Appellee had in nowise participated in the executive order of release. He had agreed to perform no conditions of any kind or character with respect to the release from the custody of Louisiana officials. Clearly the order of release did not constitute a parole.
Petitioner alleges that the executive order was to release him to the federal authorities. He claims he was delivered to the United States Marshal and transported to a federal institution, and neither at that time nor since did he agree to “conditions of parole.” If these contentions are true, there was no parole that could be revoked.
We do not know that they are true. Only a hearing and production of all the documents in evidence will enable the court to determine the fact.
The judgment is reversed and the cause remanded with directions to issue the writ and proceed to a hearing on the merits.
Mr. Justice Moore not participating.