No. 21303.

John Bizup, Jr., *v.* Harry C. Tinsley, Warden,
Colorado State Penitentiary.
(393 P.2d 556)

Decided June 16, 1964. Rehearing denied July 13, 1964.

Messrs. Evans and Phelps, Mr. James V. Phelps, Mr.
Sheldon L. Shepherd, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank
E. Hickey, Deputy, Mr. John E. Bush, Assistant, for
defendant in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the
Court.

JOHN BIZUP, JR., was charged with having "willfully and of his premeditated malice aforethought" killed one Roy Don Bussey. He was convicted upon that charge and sentenced to death. The judgment and sentence were affirmed by this Court. *Bizup v. People,* 150 Colo. 214, 371 P.2d 786. Thereafter Bizup obtained several stays of execution while he pursued, without success, post-conviction remedies in the federal courts. He is now before this Court on writ of error from the judgment of the trial court denying his petition for a writ of habeas corpus.

Bizup contends (1) that the trial court erred in summarily denying his petition for the writ of habeas corpus without conducting a hearing on the merits, and (2) that he was convicted of a crime with which he was not charged in that he was convicted of felony-murder, whereas he was charged with willful and premeditated murder.

 C.R.S. '53, 65-1-1, specifically provides that where a petition for habeas corpus itself shows that the party can neither be discharged nor admitted to bail nor in any other manner be relieved, the trial court should summarily deny the petition. See also *Valentine v. Tinsley,* 143 Colo. 19, 351 P.2d 825; *Bitner v. Tinsley,* 151 Colo. 367, 378 P2d. 203. We have held, and the majority rule is in harmony with our holding, that a conviction of murder perpetrated during the commission of one of the felonies enumerated in our murder statute is proper under the allegations contained in the information upon which Bizup was convicted. *Andrews v. People,* 33 Colo. 193, 79 Pac. 1031; *Gallegos v. People,* 145 Colo. 53, 358 P.2d 1028, reversed on other grounds, 370 U.S. 49, 82 S.Ct. 1209, 8. L.Ed. 2d 325. We adhere to the rule announced in those cases.

The judgment is affirmed.