No. 21027.

THOMAS COLEMAN *v.* HARRY C. TINSLEY, WARDEN OF COLORADO STATE PENITENTIARY.
(393 P.2d 739)

Decided July 6, 1964.

246

Plaintiff in Error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. JOHN P. MOORE, Assistant, for
defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error filed a petition in the district court
of the City and County of Denver for a writ of habeas
corpus. He alleged in the petition that he was confined
in the state penitentiary and was illegally restrained of
his liberty, and that "the cause or pretense of this re-
straint is an Order, issued by The Colorado State Board
of Parole on December 29, 1961, revoking the parole of
petitioner herein and 'setting' him back for the re-
mainder of his natural life."

The petition contains the following allegations, inter
alia:

"Petitioner contends and he alleges that this 'revoca-
tion' of his parole is an illegal act by the Colorado State
Board of Parole as they are without legal jurisdiction
to control the case at bar.

"Petitioner further contends, and he alleges that the
Colorado State Parole Board was without Legislative

Statute to either Parole or revoke Parole of this Petitioner and that their Order denying petitioner to be eligible for parole for the rest of his Natural Life is an invasion of the Executive Branch of the State Government by a quasi-judicial body, established by the Legislature in 1953, and said Order, denying petitioner Parole for the rest of his natural life, must be, in its entirety, a NULLITY, and VOID.

"THE LAW AND THE ARGUMENT FOR THE COURT

"Petitioner is desirous to point out to the Honorable Court that he was sentenced under the laws in effect in the State of Colorado, in June of 1921. This being a matter of record, and uncontroverted, it is axiomatic that he must, in law and in fact, be under all of the criminal statutes that existed in 1921, and that no Board, or Body of men brought into existence in 1953, could in any manner, take over the disposition of his case.

"It stands as a matter of law, and record, that the Denver District Court did, in 1921, commit a serious breach of law when they sentenced petitioner herein to serve a 'life' term in the State Penitentiary for the crime of robbery. This error, was corrected by an Order from the State Supreme Court in January of 1947, and the lower court then re-sentenced petitioner to serve a term of 20 years to life. This, 26 years after the imposition of the original VOID sentence to Life.

"Subsequently, in November of 1954, petitioner being unaware of his 'new' sentence, caused to be filed, a petition for a writ of habeas corpus in the Denver District Court, and this Court, did then, without jurisdiction, again re-sentence petitioner to a term of 25 years to life. Petitioner here inserts the argument that nowhere within the Habeas Corpus Act is there any jurisdiction for a Court to do anything on a petition for a writ of habeas corpus other than either remand or release, and so, once again, the trial court has imposed a VOID sentence.

"In December of 1954 petitioner was called before the newly activated State Parole Board, and on the 3rd day of January, 1955, this Parole Board released petitioner upon parole under duress, for he knew of no other way to get out of prison and he signed the papers they placed before him.

"He was subsequently sent back to the penitentiary, re-paroled, sent back again, and now is in the position of doing the rest of his natural life behind bars at the capricious action of this so called Parole Board.

"Under Chapter 153, Section 7158 of the Colorado State Criminal Statutes in existence at the time of Petitioners incarceration, under Section 526, we find that the Governor of the State of Colorado had the exclusive RIGHT TO GRANT PAROLE OR PERMIT TO GO AT LARGE ANY CONVICT WHO IS INCARCERATED IN THE STATE PENITENTIARY. (Emphasis Mine.)

"There can be no argument that these laws were in effect at the time of petitioners incarceration. There further, can be, no argument that any law passed SUBSEQUENTLY BY THE STATE LEGISLATURE, WHETHER BENEFICIAL OR NOT, CANNOT BE APPLIED AS AN 'EX POST FACTO' law."

▆ Petitioner bases his claim for relief on the conclusion that C.R.S. '53, 39-18-1 et seq. (which deals with parole regulations) is inapplicable to him for the reason that it was not in effect at the time of the imposition of the original sentence pronounced in the district court of Denver in the year 1921 upon his conviction of the crime of robbery. Petitioner concedes that the judgment entered upon his conviction in 1921 was twice "corrected" — one such correction after the creation of the board of parole. He contends, however, that these "corrected" judgments were invalid. These contentions of invalidity are not supported by the record presently before this court, and appear only by the subjective conclusions of the petitioner.

Even if we assume as correct, which we do not, peti-

tioner's conclusion that the application of the authority of the board of parole in the instant case would give rise to the enforcement of an ex post facto law, we arrive at a conclusion which wholly defeats petitioner's argument. If it is true that the board of parole does not have authority to revoke petitioner's parole, as he contends, because the act creating the board does not apply to petitioner, it must also follow that such board did not have the power to admit him to parole in the first instance, and for the same reason.

It is clear on the face of the petition presented to the district court, and upon petitioner's argument before this court, that he has failed to establish any grounds for relief by habeas corpus. From the statements contained in the petition it patently appears that he can "* * * neither be discharged nor admitted to bail, nor in any other manner relieved; * * *" C.R.S. '53, 65-1-1. Under these circumstances the petition was properly denied. *Sharp v. Tinsley,* 147 Colo. 84, 362 P.2d 859; *Berry v. State Board of Parole,* 148 Colo. 547, 367 P.2d 338.

There is no merit to the argument that the authority of the State Board of Parole is limited to persons who have been convicted and sentenced to prison subsequent to the act of the legislature which created said Board.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS not participating.