Mr. Chief Justice Pringle
delivered the opinion of the Court.
On or about April 5, 1965, plaintiff in error, hereinafter referred to as Ruark, applied to the District Court of Fremont County for a writ of habeas corpus requesting removal from the State Penitentiary to the Fremont County Jail while preparing for and awaiting trial on four felony counts.
Ruark contended in his petition that his constitutional rights had been violated because, on the 15th day of January, 1965, the Warden of the penitentiary ordered him confined to an isolation cell without access to his law books, case law notes and typewriter. Prior to the time of his confinement to an isolation cell, the court had appointed a lawyer to conduct Ruark’s defense on the pending felony charges. The trial court found that the matters complained of in Ruark’s petition did not come within the bounds of habeas corpus relief and refused to issue the writ. From this judgment, Ruark brings error.
The trial court was correct in its determination that the relief which Ruark sought by his writ of habeas corpus could not be effected in a habeas corpus proceeding. We have repeatedly held that in a habeas corpus action a prisoner convicted of a crime is entitled to a hearing only when he alleges that the court which entered the judgment of conviction had no jurisdiction of his person or of the charge in the information, or that the judgment and sentence were not within the *567 statutory limits, Kostal v. Tinsley, 152 Colo. 196, 381 P.2d 43, or where the prisoner alleges some act which brings him within the ambit of C.R.S. 1963, 65-1-3. Ruark alleged none of these grounds.
It is Ruark’s contention, however, that C.R.S. 1963, 65-1-11, entitles him to be transferred to the county jail of Fremont County under the circumstances here, even though he is not entitled to discharge from the penitentiary. He contends that this statute requires the trial court to transfer him from the penitentiary to the Fremont County jail in order to “* * * effect his discharge or trial in due course of law.” Ruark misconstrues the effect of that statute.
 The mandate of C.R.S. 1963, 65-1-11, is that a prisoner may not be removed from the custody of his keeper unless it be by habeas corpus; or, among other things mentioned in the statute, by lawful authority for the purpose of effecting his trial. When Ruark’s trial becomes imminent, we have no doubt that arrangement will be made so that he may be personally present at his trial. Ruark has not favored us with an explanation of why he was confined to the isolation cell and we find nothing in his petition which required the trial court to grant him a hearing or to transfer him to the county jail of Fremont County at the time the petition was filed.
The judgment is affirmed.