No. 25473

Michael J. McGill v. Brad Leach,
Sheriff of Boulder County, Colorado
(505 P.2d 374)

Decided January 22, 1973.

Murray Richtel, Thomas B. Campion, Jr., for petitioner-appellant.

Walter L. Wagenhals, Ronald B. Porter, for respondent-appellee.

*In Department.*

Opinion by MR. JUSTICE DAY.

Petitioner-appellant, Michael J. McGill, although released by the trial court on a writ of habeas corpus, nevertheless, has filed an appeal in this court on the ground that the Boulder city ordinance under which he was convicted was ruled valid by the court. McGill, upon his conviction of violation of the ordinance, was sentenced to the county jail. He did not appeal that conviction as provided by statute.

In seeking a writ of habeas corpus, McGill named as respondent the County Sheriff, who was ex-officio in charge of the county jail. The court, in releasing McGill, held that there was no authority by state statute or by the ordinances of Boulder or by contract for the County Sheriff to have custody of prisoners convicted of violating the Boulder city ordinances. Respondent Sheriff did not appeal the judgment or contest the release of the prisoner.

We have stated innumerable times that a habeas corpus proceeding is a civil action. *Barrett v. People,* 136 Colo. 144, 315 P.2d 192. Its original design was for the purpose of effecting a speedy release of persons who are illegally deprived of their liberty. It is not a corrective remedy, nor one that will be permitted to perform the functions of a writ of error or appeal. The validity of the city ordinance was not properly an issue which was before the court. The sole purpose of the hearing on the writ was to determine whether or not McGill was illegally deprived of his

liberty. *Hithe v. Nelson,* 172 Colo. 179, 471 P.2d 596; *North v. Koch,* 169 Colo. 508, 457 P.2d 915; *Bizup v. Tinsley,* 155 Colo. 131, 393 P.2d 556; *Buhler v. People,* 151 Colo. 345, 377 P.2d 748; *Riley v. Denver,* 137 Colo. 312, 324 P.2d 790.

In granting a writ below, the trial court gave the petitioner the relief he sought, albeit for another reason. Nevertheless, McGill, not being adversely affected by the judgment, but being in fact the successful party, is in no position to attack the judgment effecting his release.

The appeal is dismissed.

MR. JUSTICE HODGES, MR. JUSTICE LEE, and MR. JUSTICE ERICKSON concur.