Larry Wayne WHITE, Petitioner-Appellant,

v.

James G. RICKETS, William Wilson and the Colorado Department of Corrections, Respondents-Appellees.

No. 83SA176.

Supreme Court of Colorado, En Banc.

July 2, 1984.

Barton, Schwartz & Crowder, Ronald G. Crowder, Colorado Springs, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David R. Demuro, First Asst. Atty. Gen., Denver, for respondents-appellees.

KIRSHBAUM, Justice.

Petitioner, Larry White, appeals an order of the El Paso County District Court dismissing his amended petition for "Writ of Habeas Corpus, Or In The Alternative, Writ of Mandamus." Petitioner was committed to the custody of the Department of Corrections for an indeterminate term, pursuant to section 16–13–203, 8 C.R.S. (1978), of the Colorado Sex Offenders Act, in November 1975. His petition, relying expressly on the provisions of section 13–45–103(2)(b), 6 C.R.S. (1973), and C.R.C.P. 106(a)(2),[1] seeks an order "directing the Department of Corrections to transfer the Petitioner forthwith to Fort Logan Mental Hospital or the Fort Logan Community Corrections facility." The trial court ruled that it lacked jurisdiction to hear petitioner's claims.[2] We affirm the trial court's dismissal of petitioner's habeas corpus claim, but reverse its conclusion that it had no jurisdiction over petitioner's C.R.C.P. 106(a)(2) claim.

---

1. Petitioner initially sought relief only pursuant to § 13–45–103(2)(b). By an amended petition he also asserted claims for mandamus relief and money damages based upon C.R.C.P. 106(a)(2).

2. The record on appeal contains no written order of dismissal; we treat the transcript of the trial court's oral ruling from the bench as its final order.

## I

The petition alleges that in May of 1982 the Parole Board ordered the petitioner transferred to the Fort Logan Mental Hospital pursuant to section 16–13–216(2), 8 C.R.S. (1983 Supp.), that the Department of Corrections took no action to effectuate such transfer, and that, therefore, petitioner is "being illegally detained." The petition named the Executive Director of the Department of Corrections, the Superintendent of the Centennial Correctional Facility, and the Colorado Department of Corrections as respondents. The trial court issued a writ of habeas corpus to the two officials, who responded by asserting that the trial court lacked subject matter jurisdiction over the dispute and, alternatively, that the Parole Board in fact had ordered petitioner transferred to the Community Correctional Center at Fort Logan, not the Fort Logan Mental Hospital.

After conducting a hearing, the trial court dismissed the petition. Relying on *Berry v. State Board*, 148 Colo. 547, 367 P.2d 338 (1961), it concluded that it had no authority to review determinations of the Parole Board. The trial court also stated as an alternative basis for its decision that

under the Sex Offenders Act, transfers are a matter of grace. They are not a matter of right. That is up to the Parole Board, but it is a matter of grace.

Petitioner here asserts that *Berry v. State Board* was overruled by *In re Question Concerning State Judicial Review*, 199 Colo. 463, 610 P.2d 1340 (1980), and that in any event the trial court has jurisdiction to consider the C.R.C.P. 106(a)(2) claim for relief in the nature of mandamus.

## II

The Colorado Habeas Corpus Act, sections 13–45–101 to 119, 6 C.R.S. (1973 & 1983 Supp.), defines rights judicially enforceable by means of the venerable writ of habeas corpus. *Ryan v. Cronin*, 191 Colo. 487, 553 P.2d 754 (1976). Section 13–45–103(2) permits the discharge of incarcerated prisoners upon a showing of one or more of the following causes:

(a) Where the court has exceeded the limit of its jurisdiction, either as to the matter, place, sum, or person;

(b) Where, though the original imprisonment was lawful, yet by some act, omission, or event which has subsequently taken place, the party has become entitled to his discharge;

(c) Where the process is defective in some substantial form required by law;

(d) Where the process, though in proper form, has been issued in a case or under circumstances where the law does not allow process or orders for imprisonment or arrest to issue;

(e) Where, although in proper form, the process has been issued or executed by a person either unauthorized to issue or execute the same or where the person having the custody of the prisoner under such process is not the person empowered by law to detain him;

(f) Where the process appears to have been obtained by false pretense or bribery;

(g) Where there is no general law, nor any judgment, order, or decree of a court to authorize the process, if in a civil suit, nor any conviction if in a criminal proceeding.

This statute carefully defines the circumstances under which the relief authorized thereby may be granted. The intervention by the judiciary into the administration of corrections programs by executive officials is reserved for most serious violations of fundamental rights, and an allegation to that effect is essential to any claim for habeas corpus relief. *Ruark v. Tinsley*, 158 Colo. 565, 408 P.2d 969, *cert. denied*, 380 U.S. 946, 85 S.Ct. 1032, 13 L.Ed.2d 965 (1965) (based on predecessor statute); *Kostal v. Tinsley*, 152 Colo. 196, 381 P.2d 43 (1963).

In his amended petition, petitioner alleges that he is being "illegally detained" by the Department of Corrections because the Parole Board "ordered the petitioner transferred to the Fort Logan Mental Hospital" and "the Department of Corrections has taken no action to [effectuate the] trans-

fer." However, petitioner does not assert that, pursuant to section 13–45–103(2)(b), he is entitled to discharge from the custody and control of the Department of Corrections, nor does he assert a violation of any other section of the statute.

In habeas corpus proceedings, judicial inquiry generally is limited to an investigation of the validity of petitioner's confinement at the time of the hearing. *Ryan v. Cronin, supra; Crumrine v. Erickson,* 186 Colo. 139, 526 P.2d 148 (1974); *McGill v. Leach,* 180 Colo. 331, 505 P.2d 374 (1973); *North v. Koch,* 169 Colo. 508, 457 P.2d 915 (1969). Petitioner alleges only that the place of his confinement should be altered. He does not assert that the particular circumstances of his place of confinement deprive him of constitutionally protected rights. The alleged failure of the Department of Corrections to execute a transfer order issued by the Parole Board pursuant to section 16–13–216(2), 8 C.R.S. (1983 Supp.), does not in and of itself furnish any basis for the relief petitioner seeks. *See Pigg v. Tinsley,* 158 Colo. 160, 405 P.2d 687 (1965). In the absence of appropriate factual allegations in the petition, the trial court did not err in dismissing petitioner's request for habeas corpus relief. *Minor v. Tinsley,* 154 Colo. 249, 389 P.2d 850 (1964). We, therefore, affirm the dismissal of this claim, although for reasons different from those expressed by the trial court. *See Allen v. First National Bank,* 120 Colo. 275, 208 P.2d 935 (1949).

### III

The trial court relied upon our decision in *Berry v. State Board,* 148 Colo. 547, 367 P.2d 338 (1961), in dismissing the petition for mandamus relief, apparently viewing that case as authority for the proposition that actions of the Parole Board are immune from judicial scrutiny. Insofar as certain broad language of *Berry* and of *Folks v. Patterson,* 159 Colo. 403, 412 P.2d 214 (1966), suggested that courts lack authority to compel the Parole Board to carry out certain mandatory statutory duties, such language was expressly overruled in

*In re Question Concerning State Judicial Review,* 199 Colo. 463, 610 P.2d 1340 (1980). Furthermore, petitioner here seeks review of conduct of the Department of Corrections; he certainly does not challenge the Parole Board's transfer order.

Colorado Rule of Civil Procedure 106(a)(2) authorizes trial courts to grant relief in the nature of mandamus in the following pertinent language:

Where the relief sought is to compel an inferior tribunal, corporation, board, officer or persons to perform an act which the law specially enjoins as a duty resulting from an office, trust, or station. . . .

The rule also authorizes the recovery of money damages. One seeking remedies pursuant to the rule must set forth sufficient allegations to satisfy the following tests: (1) that the petitioner has a right to the relief sought; (2) that the respondent has a clear duty to perform the requested act; and (3) that there is no other available remedy. *Gramiger v. Crowley,* 660 P.2d 1279 (Colo.1983); *Baum v. City & County of Denver,* 147 Colo. 104, 363 P.2d 688 (1961).

Petitioner's amended petition alleges that because he was sentenced to an indeterminate commitment as a sex offender, the Department of Corrections must comply with a valid order of transfer issued by the Parole Board. Section 16–13–216(2), 8 C.R.S. (1983 Supp.), authorizes the Parole Board to order the transfer of prisoners committed pursuant to the Sex Offenders Act in the following pertinent language:

The board is authorized and it is its duty to order the transfer of any person committed pursuant to section 16–13–203, if the board deems it to be in the best interests of said person and the public, to any facility under the jurisdiction of the department or to the department of institutions subject to the availability of staff and housing

By asserting that the Parole Board has acted under this statute and that the Department of Corrections and its Executive Director are required to comply with that

order, petitioner has alleged both a right to relief and a duty owed to him by the Department of Corrections.[3] It has not been suggested that petitioner has any other remedy available to him to compel the Department of Corrections to implement the Parole Board's order. Accordingly, the petition contains sufficient allegations to state a claim for relief under C.R.C.P. 106(a)(2), and the trial court erred in dismissing the mandamus claim for lack of jurisdiction.

The judgment dismissing petitioner's claim for habeas corpus relief pursuant to section 13–45–103(2)(b) is affirmed. The judgment dismissing petitioner's claim for relief in the nature of mandamus and for money damages is reversed, and the case is remanded to the trial court for further proceedings with respect to that claim.

---

**3.** Whether this statutory provision actually imposes a concurrent duty upon the Department of Corrections to comply with such Parole Board orders has not been decided. *See, e.g., Sherman v. District Court,* 637 P.2d 378 (Colo. 1981).