**Ronald L. REECE,
Petitioner–Appellant,**

v.

**H.B. JOHNSON, Superintendent, Centennial Corrections Facility, Department of Corrections, State of Colorado, Respondent–Appellee.**

**No. 88SA421.**

Supreme Court of Colorado,
En Banc.

May 29, 1990.

Rehearing Denied June 18, 1990.

Ronald L. Reece, Canon City, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michelle Smith Rabouin, Asst. Atty. Gen., Denver, for respondent-appellee.

Justice KIRSHBAUM delivered the Opinion of the Court.

Petitioner Ronald Lee Reece, appearing pro se, appeals an order of the Fremont County District Court denying his petition for writ of habeas corpus. Reece's petition asserts that certain administrative procedures of the Colorado Department of Corrections (the Department) taken with respect to his inmate account while he was incarcerated at the Centennial Correctional Facility violated his constitutional rights.[1] The trial court concluded that Reece's allegations did not state a claim that entitled him to relief pursuant to the Habeas Corpus Act, sections 13–45–101 to –119, 6A C.R.S. (1987) (hereinafter the Act). We affirm.

I

On May 22, 1984, Reece was convicted of theft of rental property, in violation of section 18–4–402(5), 8 C.R.S. (1984), and sentenced to a term of sixteen years in the custody of the Department.

The petition alleges that for over three years Reece's inmate account has shown a negative balance while the Department has recouped fifty percent of all funds deposited into his account; that the debts to his account result from "postage costs in mailing of legal mail and litigations [sic]," and that as a result of this conduct Reece has no funds for the purchase of basic necessities.[2] Alleging that he has an "absolute" right to the payment of postage fees by the

---

**1.** Reece's petition alleges violations of the first, fifth and fourteenth amendments to the United States Constitution. In his reply brief in this court, Reece refers to violations of the sixth and fourteenth amendments to the United States Constitution.

**2.** No evidentiary hearing was conducted at trial; thus we, as did the trial court, must consider as true the allegations of fact set forth in the peti-

tion for habeas corpus. *See Curtis v. People,* 521 F.2d 717 (7th Cir.1975), *cert. denied,* 423 U.S. 1023, 96 S.Ct. 465, 46 L.Ed.2d 397; *Wilson v. Phend,* 417 F.2d 1197 (7th Cir.1969), *cert. denied,* 409 U.S. 881, 93 S.Ct. 211, 34 L.Ed.2d 136 (1972); *Sivak v. Ada County,* 115 Idaho 759, 769 P.2d 1131 (Idaho App.1989). Reece did attach a copy of his inmate account to his petition.

state for mailing costs associated with litigation[3] and that the Department's recoupment policy violates that right, Reece seeks an order requiring the Department to adjust his inmate account to recognize the funds he has received without recoupment for mailing costs.

## II

The Act defines the rights which are judicially enforceable by means of the writ of habeas corpus. *White v. Rickets,* 684 P.2d 239, 241 (Colo.1984); *Ryan v. Cronin,* 191 Colo. 487, 553 P.2d 754 (1976). However, the Act permits prisoners to seek judicial relief from alleged violations of liberty interests only in narrowly defined circumstances. § 13–45–103(2), 6A C.R.S. (1987); *Reed v. People,* 745 P.2d 235, 237–38 (Colo.1987).[4]

In *Reed v. People,* 745 P.2d 235, 238 (Colo.1987), we emphasized that the inquiry undertaken in the course of a habeas corpus proceeding is "limited to a determination of the validity of the petitioner's confinement at the time of the hearing." *See also Andretti v. Johnson,* 779 P.2d 382 (Colo.1989). While the historic vitality of the writ as a remedy for redressing governmental deprivations of fundamental constitutional rights has not been diminished, *see Naranjo v. Johnson,* 770 P.2d 784 (Colo.1989) (habeas corpus available to contest unconstitutional denial of parole); *Marshall v. Kort,* 690 P.2d 219 (Colo.1984)

(habeas corpus available to contest confinement in mental hospital), efforts to appropriate this venerable remedy in circumstances not constituting significant infringements of fundamental rights have been rejected. *See Andretti v. Johnson,* 779 P.2d 382 (Colo.1989); *White v. Rickets,* 684 P.2d 239, 241 (Colo.1984).

In *Marshall v. Kort,* 690 P.2d 219 (Colo. 1984), we recognized that a petitioner found not guilty by reason of insanity and committed to the Colorado State Hospital could challenge certain conditions of his confinement as abridging an asserted due process right to treatment by means of a habeas corpus proceeding. *Id.* at 220, 223, 225. We also considered the scope of the statutorily defined habeas corpus proceeding in *Naranjo v. Johnson,* 770 P.2d 784 (Colo.1989). In *Naranjo,* the petitioner alleged that the Department's conduct resulted in an unconstitutional denial of his statutory right to be considered eligible for parole and thus released from incarceration. Noting that the petition in that case did not state a claim cognizable in a Crim.P. 35(c) post-conviction proceeding and that therefore no other legal remedy appeared readily available to the petitioner, we concluded that the trial court's summary dismissal of the petition constituted error.

These decisions do not support Reece's argument that the trial court here erred in

---

**3.** Reece refers to *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Gaines v. Lane,* 790 F.2d 1299 (7th Cir.1986); and *Bach v. Coughin,* 508 F.2d 303 (7th Cir.1974), for the principle that indigent inmates must be provided postage at state expense to mail legal documents.

**4.** The statute contains the following pertinent language:

(2) If it appears that the prisoner is in custody by virtue of process from any court legally constituted, he can be discharged only for some of the following causes:

(a) Where the court has exceeded the limit of its jurisdiction, either as to the matter, place, sum, or person;

(b) Where, though the original imprisonment was lawful, yet by some act, omission, or event which has subsequently taken place, the party has become entitled to his discharge;

(c) Where the process is defective in some substantial form required by law;

(d) Where the process, though in proper form, has been issued in a case or under circumstances where the law does not allow process or orders for imprisonment or arrest to issue;

(e) Where, although in proper form, the process has been issued or executed by a person either unauthorized to issue or execute the same or where the person having the custody of the prisoner under such process is not the person empowered by law to detain him;

(f) Where the process appears to have been obtained by false pretense or bribery;

(g) Where there is no general law, nor any judgment, order, or decree of a court to authorize the process, if in a civil suit, nor any conviction if in a criminal proceeding.

§ 13–45–103(2), 6A C.R.S. (1987).

denying his request for habeas corpus relief. In *Marshall v. Kort,* the petitioner alleged the existence of a pattern of unwarranted restrictions of a constitutionally protected liberty interest. In *Naranjo v. Johnson,* the petitioner also asserted a denial of a basic liberty interest. Reece asserts no comparable rights here. He does not challenge the fact of his incarceration, but rather questions the circumstances of that incarceration by seeking adjustments in his inmate account to correct allegedly improper accounting policies of the Department. As we stated in *White v. Rickets,* 684 P.2d 239 (Colo.1984), "the intervention by the judiciary into the administration of corrections programs by executive officials is reserved for [the] most serious violations of fundamental rights, and an allegation to that effect is essential to any claim for habeas corpus relief." *Id.* at 241. In our view, the allegations of administrative misconduct contained in Reece's petition do not satisfy that standard.

### III

For the foregoing reasons, the judgment of the trial court is affirmed.