Opinion by
Mr. Chief Justice McWilliams.
In a direct information it was alleged that Albert Johnson and one Charles Wesley Ray “did make an assault upon Frank W. Smith and . . . feloniously and violently and by force and intimidation did rob, seize, steal, take and carry away a Smith and Wesson revolver from the person and against the will of said Frank W. Smith; and that said defendants . . . when they so robbed said Frank W. Smith were then and there armed with a dangerous weapon with the intent, if resisted, to maim, wound or kill said Frank E. Smith . . .”
To the foregoing charge Johnson and Ray both pled not guilty and trial by jury ensued. By appropriate *348 verdicts the jury adjudged Johnson and Ray “guilty of aggravated robbery as charged in the information herein.” Ray was then sentenced to a term in the State Penitentiary of not less than ten and not more than twenty years, and Johnson in turn received a sentence of from eighty years to life. Johnson’s mittimus declared, among other things, that his sentence of from eighty years to life was imposed “from the crime of aggravated robbery.”
By joint writ of error Johnson and Ray obtained review by this Court of their respective convictions and in each instance the conviction and sentence was affirmed. See Ray, et al., v. People, 147 Colo. 587, 364 P.2d 578.
Several years later, Johnson filed a petition in habeas corpus against Tinsley, the warden of the Colorado State Penitentiary, alleging that pursuant to the aforementioned conviction and sentence he was being detained by the warden and that such detention was “illegal and unlawful” and that he (Johnson) should be “restored to his freedom.” The trial judge refused to issue the writ, holding that “the petition should be and hereby is denied on its face.” By the present writ of error Johnson seeks reversal of the judgment of the trial court dismissing his petition.
Johnson’s basic position is that the trial court had no jurisdiction of the crime charged in the information. In this regard his argument is that he was charged in the information and convicted by the jury of a “nonexistent crime,” i.e. aggravated robbery. Specifically, he states that the words “aggravated robbery” are not to be found in C.R.S. ’53, 40-5-1 and that therefore a person charged with “aggravated robbery” is charged with no crime at all, even though the term “aggravated robbery” may have a generally accepted meaning in legal circles.
Johnson’s initial premise that he was charged in the information with “aggravated robbery” is incorrect, *349 and hence all his reasoning is to no avail. The information, which has been set forth above with particularity, clearly shows that Johnson was in fact charged in the very language of the applicable statute, C.R.S. ’53, 40-5-1. From the record, then, it is quite evident that the trial court did have jurisdiction not only over Johnson but also of the crime charged in the information, and further that the sentence, though indeed a severe one, was within the statutory limits for the crime with which he was charged and convicted.
C.R.S. ’53, 65-1-1 states that the court need not “award” the writ of habeas corpus if “it shall appear from the petition itself, or from the documents annexed, that the party can neither be discharged nor admitted to bail, nor in any other manner relieved.” Under the circumstances above set forth, the trial court did not err in declining to “award” the writ and dismissing the petition.
Permeating the record is the oft-repeated belief by Johnson that he was dealt with unfairly by the trial court in the imposition of sentence, and to bolster his thinking in this regard he contrasts his sentence with that of his codefendant Ray. As was stated in Ray, et al., v. People, supra, “[n] either the disparity between the sentences imposed nor the reason for the extreme sentence imposed on Johnson is before us.” Relief in this regard may not come from this Court, but only from the Governor through the exercise of his power of executive clemency.
 The remaining matters sought to be raised by Johnson in his petition, such as the sufficiency of the evidence, for example, may not be raised in a proceeding such as the instant one, habeas corpus not being a substitute for review by writ of error. Specht v. Tinsley, 153 Colo. 235, 385 P.2d 423.
The judgment is affirmed.
Mr. Justice Frantz and Mr. Justice Pringle concur.