No. 24294.

PHILLIP ENGLISH MCCLENDON *v*. THE PEOPLE OF THE STATE
OF COLORADO.
(488 P.2d 556)

Decided September 7, 1971. Rehearing denied September 27, 1971.

HARRY G. TITCOMBE, JR., for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, AUREL M. KELLY, Assistant, for defendant in error.

*En Banc.*

GEORGE M. MCNAMARA, District Judge,* delivered the opinion of the Court.

PLAINTIFF in error, Phillip English McClendon, hereinafter referred to as defendant, was charged in Denver District Court with First-Degree Burglary which carries a maximum penalty of twenty years.

At his arraignment, he entered a plea of not guilty and the matter was set for trial on April 2, 1969. On that date, after negotiations with the district attorney, the latter moved to amend the information to charge the defendant with Second-Degree Burglary, which carries a maximum sentence of ten years. Leave to amend was granted. The defendant was re-arraigned and entered a plea of guilty.

Subsequently, and before sentence was imposed, the defendant moved under Rule 32(e) to withdraw his guilty plea. At the hearing on this motion, the defendant's attorney asked him to explain to the court what was going through his mind at the time he entered the guilty plea. His reply was, "I was under the impression that with the Arapahoe charge being held against me, and through the advice of my attorney, that it would be best for me to accept the Second-Degree Burglary rather than the First-Degree Burglary and to do ten years rather than twenty."

This motion was denied and the defendant was sentenced to a term of no less than five nor more than seven years in the State Penitentiary. He now brings error on the grounds that he is innocent of the charge and that the trial court acted arbitrarily in denying his motion to withdraw his guilty plea.

The defendant has three prior felony convictions and, at the time in question, had another felony charge pending in District Court for Arapahoe County.

Prior to defendant entering his plea of guilty, the district attorney for Arapahoe County indicated to counsel for the defendant that the charge in that juris-

diction might be dropped depending on the outcome of the instant case.

 The record reveals, and the defendant concedes, that the trial court complied with Crim. P. 11 prior to accepting the defendant's plea of guilty.

After warning the defendant of his rights, the trial court asked the following questions and the defendant gave the following answers:

"THE COURT: * * * You don't have to plead guilty, but if you plead guilty, you are admitting the facts stated in the information and you are in fact confessing your guilt. Is that what you are doing?

"THE DEFENDANT: Yes.

"THE COURT: Why are you pleading guilty?

"THE DEFENDANT: That's the only conclusion I can come to, Your Honor.

"THE COURT: Is that the only reason? If you have a defense to this — do you have a defense to this charge?

"THE DEFENDANT: No, Your Honor.

"THE COURT: Are you in fact guilty of this 'offense'?

"THE DEFENDANT: Yes, sir.

"THE COURT: You are sure?

"THE DEFENDANT: Yes.

"THE COURT: Did anybody pressure you into this plea?

"THE DEFENDANT: No, Sir.

"THE COURT: Did anybody promise you anything?

"THE DEFENDANT: No, Sir.

"THE COURT: Is he eligible for probation?

"MR. KIRKWOOD: No, sir.

"THE COURT: You realize that you are not eligible for probation and that you will be sentenced?

"THE DEFENDANT: Yes, sir.

"THE COURT: And that you can go to the penitentiary for up to ten years?

"THE DEFENDANT: Yes, sir.

"THE COURT: Are you positive that this is what you want to do?

"THE DEFENDANT: Yes, sir.

Considering the defendant's experience with criminal procedure, as indicated by his criminal record, and his answers to trial court's questions, we conclude that the plea of guilty was freely and voluntarily given.

*See Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; and *Lamb v. The People,* 174 Colo. 441, 484 P.2d 798.

Judgment affirmed.

DONALD A. CARPENTER, District Judge* participating.

MR. JUSTICE DAY and MR. JUSTICE HODGES not participating.

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.