## No. 25674

### The People of the State of Colorado v. Arthur L. Lottie
(516 P.2d 430)

Decided December 3, 1973.     Rehearing denied December 24, 1973.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Lionel Dunievitz, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This Crim. P. 35(b) proceeding appeal seeks to set aside a plea of guilty on the grounds that the defendant did not know the elements of the crime of aggravated robbery at the time he entered a plea of guilty. The defendant contends that the trial court judge failed to inform him of the essential elements of the offense to which he plead guilty as required by Colo. R. Crim. P. 11(c)(1) (1963). He also asserts that he did not know or understand the elements of the crime and that his plea must be set aside since it was not knowingly made and was not voluntary. The facts revealed by the record do not support the defendant's contentions. We, therefore, affirm the trial court.

The defendant plead guilty to one charge of aggravated robbery (1967 Perm. Supp., C.R.S. 1963, 40-5-1), on May 21, 1969. He was represented by counsel at the plea hearing and answered numerous questions propounded by the court which explored the voluntariness of his plea of guilty. In addition, the court insisted upon reading the information to the defendant to insure that he was informed of the elements of the crime. The information, which included a clear description of the elements of aggravated robbery, was read, and the defendant affirmatively stated that he understood the nature of the charge. By reading the information, which was couched in language which is easily understandable to a person with ordinary intelligence and by inquiring into the defendant's understanding of the charge before a plea of guilty was accepted, the trial judge satisfied the requirements of Colo. R. Crim. P. 11(a)(1) (1963). *McClendon v. People,* 175 Colo. 451, 488 P.2d 556 (1971); *Ward v. People,* 172 Colo. 244, 472 P.2d 673 (1970). *But see, People v. Cumby,* 178 Colo. 31, 495 P.2d 223 (1972).

Accordingly, we affirm.