## No. 26084

## The People of the State of Colorado v. Billy Joe Mason
(535 P.2d 506)

Decided May 19, 1975.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, John P. Moore (former Attorney General), John E. Bush (former Deputy), James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

Billy Joe Mason, defendant-appellant, was found guilty by a jury on December 30, 1959, of (1) unnatural carnal copulation and (2) forcible rape. As reflected by the judgment, he was sentenced on February 25, 1960, to the Penitentiary of the State of Colorado for a period of from five to fourteen years on the first count and for a period of fifteen years to natural life on the second count. The mittimus to the penitentiary showed the sentences reversed, giving the longer sentence to the charge of unnatural carnal copulation.

The defendant-appellant filed a motion to correct the sentence pursuant to Crim. P. 35(b) on April 23, 1973, alleging that his sentence on the first count as reflected by the mittimus is an illegal sentence, being in excess of the maximum sentence authorized by C.R.S. '53, 40-2-31, and that the court illegally increased the sentence on the second count.

The trial court denied the motion and ordered that an amended mittimus issue reflecting that the defendant was sentenced on the 25th of February, 1960, to the Colorado State Penitentiary for a period of not less than five years nor more than fourteen years on the first count and not less than fifteen years to natural life on the second count, said sentences to run concurrently. We agree with the trial court and affirm.

The defendant relies on *Guerin v. Fullerton,* 154 Colo. 142, 389 P.2d 84 (1967), wherein the trial court, three months after imposition of sentence, *sua sponte,* amended the sentence by deleting from the original sentence credit for county jail time. Guerin contended that such action by the trial court resulted in an increase in his sentence and that the court lacked the authority to so act. The defendant cites this language from the *Guerin* opinion:

"Nor did the sentencing judge have the authority under the cir-

cumstances of this case to change the sentence he had imposed upon the petitioner after petitioner had commenced serving his sentence [citing] *Righi v. People,* 145 Colo. 457, 359 P.2d 656 [1961]. Such authority is present only when the sentence is erroneous or void, Rule 35(a), Colo. R. Crim. P., and here the original sentence imposed was legal."

It is apparent from the quoted language that it is not applicable to the situation here. We are not here dealing with a void or erroneous sentence.

The issue here is whether the court erred in correcting the mittimus to conform to the original sentence. Crim. P. 36 provides:

"Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

The mittimus, which contained the incorrect sentence, is the writ which the court issued to direct the sheriff to transport the convicted defendant from the courtroom to the county jail and from thence to the state penitentiary to serve the sentence imposed. It recited what purported to be the sentence imposed. The clerical error in the mittimus quite obviously did not reflect the *actual* sentence intended to be imposed by the sentencing judge. A transcript of the actual words of the judge in sentencing the defendant reflect the following:

"It is the judgment and sentence of the court that the defendant, on the charge of rape, be committed to the penitentiary at Canon City, Colorado for not less than fifteen (15) years nor more than the balance of his natural life.

"On the charge of unnatural carnal copulation, the other count in the information, the sentence is that he shall be committed to the penitentiary for not less than five (5) years nor more than fourteen (14) years.

"The sentences shall run concurrently."

That was the sentence of the court and the sentence which appeared in the judgment.

The order of the trial judge correcting the mittimus to reflect the sentences actually imposed by the sentencing judge was the proper procedure.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE GROVES, and MR. JUSTICE ERICKSON concur.