MR. JUSTICE ERICKSON
delivered the opinion of the Court.
Leo Smith filed a motion for relief pursuant to the provisions of Crim. P. 35 (a) and (b) to set aside pleas of guilty which he entered to the charge of possession of narcotic drugs (soft sale), 1971 Perm. Supp., C.R.S. 1963, 48-5-2,[1] and sale of narcotic drugs with intent to induce (hard sale), 1971 Perm. Supp., C.R.S. 1963, 48-5-20.[2] Two issues are raised in this appeal: (1) whether the trial court fully complied with Crim. P. 11 in accepting the defendant’s guilty pleas; and (2) whether Crim. P. 32(c) is unconstitutional. The trial court denied the defendant’s motion. We affirm.
The evidence disclosed that the defendant was a drug pusher who sold heroin in the Five Points Area in Denver to maintain his own drug habit. Six charges were lodged against the defendant for use of heroin. Also, a number of other charges were filed against the defendant for possession and sale of narcotic drugs. Plea negotiations resulted in an agreement that the defendant would plead guilty to the two charges which are now before us and that all other pending drug charges would be dismissed.
The providency hearing was extended in this case, because of the number of charges which were pending against the defendant and the defendant’s desire to be released on bail pending the imposition of sentence. The penalties and sentences which could be imposed upon conviction of a *451 hard sale and a soft sale were made known to the defendant by the court. Each element of the respective crimes was reviewed by the court with the defendant, and the factual basis was shown for each element of the respective crimes. The defendant was asked what his part was in the transactions, and the defendant explained the sale to the court. He was told by the court that the court was not bound by any representations that were made to him regarding the sentence which the court might impose. The defendant acknowledged that he understood the court’s statements, but he now contends that he was advised that some part of the sentence might be suspended. We agree with the trial court that the record does not bear the defendant out, and his allegations were not supported by a preponderance of the evidence at the post-conviction hearing. People v. McClellan, 183 Colo. 176, 515 P.2d 1127 (1973); Bresnahan v. People, 175 Colo. 286, 487 P.2d 551 (1971). A fair reading of the record establishes that the court complied fully with Crim. P. 11 in accepting the defendant’s pleas of guilty to the two charges. McClendon v. People, 175 Colo. 451, 488 P.2d 556 (1971); Lamb v. People, 174 Colo. 441, 484 P.2d 798 (1971); Erickson, The Finality of a Plea of Guilty, 48 Notre Dame Lawyer 835 (1973).
Finally, the defendant asserts that Crim. P. 32(c) is unconstitutional because the rule provides, in part', that “notice of a right to review shall be given to criminal defendants except in cases where judgment of conviction has been entered following a plea of guilty or nolo contendere.” The reasonableness of the classification of defendants who have entered guilty pleas has been upheld in cases dealing with the federal counterpart of Crim. P. 32(c). See Fed. R. Crim. P. 32(a)(2); Barber v. United States, 427 F.2d 70 (10th Cir. 1970), cert. denied, 400 U.S. 867, 91 S.Ct. 108, 27 L.Ed.2d 106 (1970); Crow v. United States, 397 F.2d 284 (10th Cir. 1968). The defendant in this case has not been treated differently than any other defendant that falls within the rule. He was not denied equal protection or due process of law.
Accordingly, we affirm.
MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE DAY do not participate.

 Now section 12-22-302, C.R.S. 1973.

 Now section 12-22-322, C.R.S. 1973.