**Randy KAILEY, Petitioner–Appellant, Cross–Appellee,**

v.

**COLORADO STATE DEPARTMENT OF CORRECTIONS; and James Brittain, Superintendent, Respondent–Appellee, Cross–Appellant.**

No. 90SA13.

Supreme Court of Colorado, En Banc.

March 18, 1991.

Rehearing Denied April 8, 1991.

Randy Kailey, pro se.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul S. Sanzo, Asst. Atty. Gen., Denver, for respondent-appellee, cross-appellant.

Justice QUINN delivered the Opinion of the Court.

Randy Kailey appeals from a district court judgment denying his petition for a writ of habeas corpus in which he sought release from confinement on the basis that the sentences imposed on him were void. He asserts that the district court erroneously placed on him the burden of proving the allegations of his petition by a preponderance of the evidence and that the district court erred in not ordering his release from confinement. We affirm the judgment.

I.

On October 19, 1984, Kailey was charged in the Jefferson County Court with two counts of sexual assault on a child by one in a position of trust, a class 3 felony. Because the victims of these charges were Kailey's natural children, the county court, prior to a preliminary hearing, granted the district attorney leave to file two additional counts charging Kailey with aggravated incest, also a class 3 felony. On the motion

of the district attorney, the court dismissed the two counts of sexual assault on a child and renumbered the third and fourth counts of aggravated incest as counts one and two.

Kailey eventually was tried by a jury on the charges. The jury returned guilty verdicts on both counts, and on January 10, 1986, the court sentenced Kailey to consecutive terms of sixteen years on both counts. The original judgment, sentence, and mittimus, however, stated that he was convicted of two counts of sexual assault on a child, rather than aggravated incest, and was sentenced to consecutive terms of sixteen years on those counts.

Kailey filed a petition for a writ of habeas corpus in the District Court of Fremont County on June 30, 1988, alleging that he was confined under sentences for the crime of sexual assault on a child for which he had never been tried or convicted. The District Court of Fremont County treated Kailey's petition for writ of habeas corpus as a motion for postconviction relief pursuant to Crim.P. 35(c) and transferred venue to Jefferson County.

The District Court of Jefferson County conducted a hearing on Kailey's petition on September 11, 1989. Kailey testified that he was present in court when the guilty verdicts were returned and that the verdicts were for the crime of sexual assault on a child. He also presented testimony from an attorney who was an associate of Kailey's trial counsel. This attorney was not present during the trial but received the jury verdicts because of the unavailability of Kailey's trial counsel. The attorney testified that his recollection was that the jury verdicts were on the charges of sexual assault on a child. Kailey also presented testimony from a casual acquaintance who was present in court when the verdicts were returned. This witness also testified that the verdicts were for sexual assault on a child. Evidence presented by Kailey also showed that the verdict forms in the court file were guilty verdicts on charges of sexual assault on a child. These verdicts, however, were not the original jury verdicts, but rather were photocopies made from some other document not in the court file.

The Department of Corrections presented testimony from the judge who presided at Kailey's trial. He testified that he instructed the jury on two counts of aggravated incest and that the jury returned guilty verdicts to those charges. The judge further testified that after the petition for a writ of habeas corpus was filed, he became aware that the original judgment of conviction, sentence, and mittimus were erroneous. He accordingly executed an amended judgment of conviction, sentence, and mittimus to reflect that Kailey was convicted of two counts of aggravated incest and was sentenced to consecutive terms of sixteen years on those counts. The court records showed that the judgment, sentence, and mittimus were executed sua sponte by the sentencing judge on July 27, 1988, nunc pro tunc January 10, 1986. The court reporter who transcribed Kailey's trial confirmed the judge's testimony and stated that her notes showed that the court instructed the jury on two counts of aggravated incest and that the jury returned guilty verdicts on those counts. The court records showed that at Kailey's trial the court instructed the jury that "[t]he defendant is charged with committing the crime of two counts of aggravated incest in Jefferson County, Colorado, on or before October 11, 1985." Included in the jury instructions was an elemental instruction listing the respective elements of the crime of aggravated incest.

At the conclusion of the evidence, the district court initially remarked that it was not going to deal with the issue of whether Kailey's petition should be treated as a motion for postconviction relief under Crim.P. 35. It then ruled that it was Kailey's burden to establish by a preponderance of the evidence that his conviction and sentence were void and that Kailey had failed to carry his burden. With respect to the verdict forms for sexual assault on a child that were in the court file, the court stated that "[i]t's clear that they have been altered" and hence are not accurate representations of the verdicts actually returned by the jury. Regarding the original mittimus, which stated that Kailey had been

convicted of sexual assault on a child, the court remarked:

> The fact that the original mittimus had Counts One and Two wrong in this particular ·case doesn't seem to me to be significant because as one opens the file right now, one will get the impression that Counts One and Two were sexual assault on a child. It is extremely unusual for a case to proceed in a way where Counts Three and Four are added, Counts One and Two are dismissed, and then the district attorney asks that Counts Three and Four be renumbered as Counts One and Two. It is most unusual, and it appears to me that the fact that those counts were given the wrong names on the mittimus is most consistent with a simple clerical error.

Kailey thereafter filed this appeal and argues that the district court erred in placing the burden of proof on him and in denying his request for release from confinement.

## II.

As a preliminary matter, we address the Department of Correction's contention that Kailey's petition was not within the scope of habeas corpus relief and thus should have been dismissed. We agree that Kailey was not entitled to habeas corpus relief.

██ "The essential purpose to be served with a writ of habeas corpus is to resolve the issue of whether a person is unlawfully detained." *Ryan v. Cronin,* 191 Colo. 487, 489, 553 P.2d 754, 755 (1976). Habeas corpus is an appropriate remedy to redress an unlawful restraint of one's liberty when no other form of relief is available. *See, e.g., Mulkey v. Sullivan,* 753 P.2d 1226, 1231–32 (Colo.1988); *Blevins v. Tihonovich,* 728 P.2d 732, 733 (Colo.1986). Crim.P. 35(c)(2) expressly authorizes postconviction relief from an invalid judgment of conviction and sentence by providing as follows:

> Notwithstanding the fact that no review of a conviction of crime was sought by appeal within the time prescribed therefor, or that a judgment of conviction was affirmed upon appeal, every person convicted of a crime is entitled as a matter of right to make application for postconviction review upon the grounds hereinafter set forth. Such an application for postconviction relief must, in good faith, allege one or more of the following grounds to justify a hearing thereon:
>
> (I) That the conviction was obtained or sentence imposed in violation of the Constitution or laws of the United States or the constitution or laws of this state;
>
> (II) That the applicant was convicted under a statute that is in violation of the Constitution of the United States or the constitution of this state, or that the conduct for which the applicant was prosecuted is constitutionally protected;
>
> (III) That the court rendering judgment was without jurisdiction over the person or the subject matter;
>
> (IV) That the sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law;
>
> (V) That there exists evidence of material facts, not theretofore presented and heard, which, by the exercise of reasonable diligence, could not have been known to or learned by the defendant or his attorney prior to the submission of the issues to the court or jury, and which requires vacation of the conviction or sentence in the interest of justice;
>
> (VI) Any grounds otherwise properly the basis for collateral attack upon a criminal judgment; or
>
> (VII) That the sentence imposed has been fully served or that there has been unlawful revocation of parole, probation, or conditional release.

*See also* § 18–1–410, 8B C.R.S. (1986) (authorizing postconviction relief on similar grounds and in accordance with Colorado Rules of Criminal Procedure). Crim.P. 35(c)(2) provided Kailey with an appropriate remedy for challenging the original judgment of conviction, sentence, and mittimus under which he was confined. Under these

circumstances, Kailey was not entitled to habeas corpus relief.

■ Although Kailey was not entitled to habeas corpus relief, the district court should have treated his petition as a Crim.P. 35(c) motion for postconviction relief. We have held on prior occasions that a habeas corpus petition should be treated as a Crim.P. 35 motion for postconviction relief when the allegations in the petition state a cognizable basis for relief under Crim.P. 35. *E.g., White v. Denver District Court,* 766 P.2d 632, 634 (Colo.1988); *Dodge v. People,* 178 Colo. 71, 73, 495 P.2d 213, 214 (1972). We will evaluate the district court's ruling in this case, therefore, in the context of Crim.P. 35(c).

### III.

■ In a Crim.P. 35 proceeding the legality of the judgment and the regularity of the proceedings leading up to the judgment are presumed, and the burden is upon the applicant to establish by a preponderance of the evidence the allegations of his motion. *People v. McClellan,* 183 Colo. 176, 178, 515 P.2d 1127, 1128 (1973); *Lamb v. People,* 174 Colo. 441, 446, 484 P.2d 798 (1971); *People v. Brewer,* 648 P.2d 167, 168–69 (Colo.App.1982), *cert. denied.* In this case the District Court of Jefferson County properly placed the burden of proof upon Kailey to establish his entitlement to relief by a preponderance of the evidence.

■ We are unpersuaded that the district court erred in denying Kailey's request for release from confinement. In a Crim.P. 35 proceeding, the court is the trier of fact. It is thus the province of the court, as the trier of fact, to determine the credibility of the witnesses and the weight to be given their testimony. *Lamb,* 174 Colo. at 446, 484 P.2d at 800; *Brewer,* 648 P.2d at 168–69. It is also a fundamental rule that where the evidence presented to the court supports the findings and judgment of the court, "the judgment of the trial court will not be disturbed on review." *Lamb,* 174 Colo. at 446, 484 P.2d at 800.

■ In the instant case, the district court had before it the jury instructions given in Kailey's trial, the testimony of the judge who presided at the trial, and the testimony of the court reporter who transcribed the trial. This evidence and testimony established that Kailey had been tried and convicted of two counts of aggravated incest and that the jury had returned guilty verdicts on those charges. The district court also had before it evidence indicating that the verdict forms for sexual assault on a child in the court file were not the original verdict forms but were photocopies that appeared to have been altered in some way.

■ Moreover, there is undisputed evidence in the record that the judge who presided at Kailey's trial, upon becoming aware of an error in executing the original judgment, sentence, and mittimus, amended the judgment, sentence, and mittimus to reflect Kailey's conviction of and sentence for aggravated incest rather than sexual assault on a child. This action by the judge was authorized by Crim.P. 36, which permits the court to correct "[c]lerical mistakes in judgments, orders, or other parts of the record ... arising from oversight or omission ... at any time and after such notice, if any, as the court orders." *See People v. Mason,* 188 Colo. 410, 535 P.2d 506 (1975).

It was the prerogative of the district court to determine whether Kailey had established by a preponderance of the evidence that he was presently confined under a void judgment, sentence, and mittimus. On the basis of the record before us, there is no reason to disturb the district court's resolution of Kailey's petition.

The judgment is affirmed.

VOLLACK, J., does not participate.