Harold GRAHAM, Plaintiff–Appellant,

v.

Frank GUNTER, Director of Department of Corrections, and Mark McKinna, Superintendent of Limon Correctional Facility, P.O. Box 10,000, Limon, Colorado 80826, Defendants–Appellees.

No. 92SA379.

Supreme Court of Colorado,
En Banc.

July 26, 1993.

Harold Graham, pro se.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Farley, Deputy Atty. Gen., John August Lizza, First Asst. Atty. Gen., Denver, for defendants-appellees.

Justice ERICKSON delivered the Opinion of the Court.

Harold Graham, appearing *pro se,* appeals from an order of the Lincoln County District Court dismissing his petition for habeas corpus relief. The district court dismissed Graham's petition because the issues raised in the habeas petition should have been raised on appeal. We reverse and remand with directions to convert Graham's habeas petition to a Crim.P. 35(c) motion and transfer venue to the sentencing court in Jefferson County for resolution of the issues that could be properly raised in a Crim.P. 35(c) motion.

I

Graham was charged with sexual assault on a child, pursuant to § 18–3–405, 8B C.R.S. (1986 & 1992 Supp.), based on a number of alleged incidents involving his stepdaughter. A deputy public defender represented Graham when he was tried in the Jefferson County District Court. On July 26, 1991, Graham was convicted of sexual assault on a child as part of a pat-

tern of abuse. *See* § 18-3-405(2)(c). On October 25, 1991, the Jefferson County District Court sentenced Graham to sixteen years in the Department of Corrections.

On August 13, 1992, Graham, who is in custody at the Limon Correctional Facility, filed a petition for relief in the Lincoln County District Court pursuant to the Habeas Corpus Act, §§ 13-45-101 to -119, 6A C.R.S. (1987 & 1992 Supp.). Graham alleged that the sexual assault conviction was void because (1) the conviction was obtained by perjured testimony; (2) the Jefferson County District Court constructively amended the bill of particulars; (3) the conviction violated the ex post facto clauses of the United States and Colorado Constitutions; and (4) the jury convicted him of acts that he was not charged with committing. The Lincoln County District Court dismissed Graham's petition for habeas relief, concluding that all of the issues should have been raised on appeal. We reverse and remand with directions.

## II

■ A habeas corpus proceeding is a civil action, the essential purpose of which is to determine whether the petitioner is being unlawfully detained by the respondent who is holding him in custody. *Johnson v. Gunter*, 852 P.2d 1263 at 1265 (Colo. 1993); *Cardiel v. Brittian*, 833 P.2d 748, 751 (Colo.1992); *Ryan v. Cronin*, 191 Colo. 487, 489, 553 P.2d 754, 755 (1976). The sole issue to be resolved in a habeas corpus proceeding is whether the custodian has the authority to deprive the petitioner of his liberty. *Johnson*, at 1265; *Cardiel*, 833 P.2d at 751. As such, "we have repeatedly declared that the writ of habeas corpus may not be used as a substitute for an appeal and that a hearing on a writ of habeas corpus may not be used as a basis for reviewing issues resolved by another

court." *Ryan*, 191 Colo. at 489, 553 P.2d at 755. Based on these principles, we have concluded that a court generally need not consider a request for habeas corpus relief unless the petitioner has no other forms of relief available. *Johnson*, at 1265; *Kodama v. Johnson*, 786 P.2d 417, 419 (Colo. 1990).

■ Nevertheless, we have also recognized that in limited circumstances, a trial court should convert a habeas petition into a Crim.P. 35(c) motion and transfer venue to the sentencing court. *Johnson*, at 1265–66; *Kailey v. State Dept. of Corrections*, 807 P.2d 563, 567 (Colo.1991). The limited exception requiring a trial court to convert a habeas petition into a Crim.P. 35(c) motion applies only where a *pro se* petitioner has asserted claims in a petition for habeas corpus, that rather than being brought in a habeas petition, should have been raised in a Crim.P. 35(c) motion, and where the claims are not barred by the statute of limitations set forth in section 16–5–402, 8A C.R.S. (1986). *See Johnson*, at 1264, 1265–66; *see also Kailey*, 807 P.2d at 567; *Chatfield v. Colorado Court of Appeals*, 775 P.2d 1168, 1173–74 (Colo.1989); *White v. Denver District Court*, 766 P.2d 632, 634 (Colo.1988).[1]

■ In this case, the Lincoln County District Court did not err in its determination that the allegations raised in Graham's habeas petition were not properly addressed by a habeas corpus petition. However, based on the recent development of our case law, rather than dismissing Graham's habeas corpus petition, the Lincoln County District Court should have converted the habeas corpus petition to a Crim.P. 35(c) motion and transferred venue to the sentencing court in Jefferson County.[2] We therefore disapprove of the Lincoln County District Court's dismissal of Graham's habeas corpus petition.

---

1. Crim.P. 35(c) motions are subject to the statute of limitations set forth in section 16–5–402, which limits the time period for collaterally attacking criminal convictions. *See, e.g., People v. Wiedemer*, 852 P.2d 424 (Colo.1993); *People v. Fagerholm*, 768 P.2d 689 (Colo.1989). Thus, the expiration of the statute of limitations period of section 16–5–402 precludes a trial court from

converting a habeas petition into a Crim.P. 35(c) motion. *Johnson*, at 1264 n. 1.

2. Based on the record before us, section 16–5–402 does not bar the Lincoln County District Court from converting the habeas petition into a Crim.P. 35(c) motion.

## III

Accordingly, we reverse the judgment of the Lincoln County District Court and remand with directions to convert the habeas corpus petition to a Crim.P. 35(c) motion and transfer venue to the sentencing court in Jefferson County for consideration of any issues presented in the petition for habeas corpus that could be properly raised in a Crim.P. 35(c) motion.