23CA0324 Peo v Bunn 11-21-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0324
Jefferson County District Court No. 14CR2544
Honorable Diego G. Hunt, Judge

---

The People of the State of Colorado,

Plaintiff-Appellant,

v.

David Kenneth Bunn,

Defendant-Appellee.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE J. JONES
Lipinsky and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 21, 2024

---

Philip J. Weiser, Attorney General, Josiah Beamish, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Krista A. Schelhaas, Alternate Defense Counsel, Littleton, Colorado, for Defendant-Appellant

¶ 1     David Kenneth Bunn appeals the postconviction court's denial of his Crim. P. 35(c) claim alleging ineffective assistance of plea counsel.  We affirm.

## I.     Background

¶ 2     In 2014, Bunn was texting while driving with a blood alcohol content of approximately three times the legal limit.  *People v. Bunn,* slip op. at 1 (Colo. App. No. 15CA1740, Mar. 16, 2017) (not published pursuant to C.A.R. 35(e)) (*Bunn I*).  He swerved across three lanes of traffic and collided head on with a car occupied by two teenagers.  *Id.*  One teen died, and the other was seriously injured.  *Id.*

¶ 3     The People charged Bunn with six felonies, including two class 3 felony counts of first degree assault with crime-of-violence sentence enhancements.  These two felonies alone carried an aggregate prison sentence of twenty to sixty-four years.  *See* § 18-1.3-401(1)(a)(V)(A), (8), (10), C.R.S. 2024; § 18-1.3-406(1)(a)-(b), (2)(a)(II)(C), C.R.S. 2024.  Bunn pleaded guilty to one count of vehicular homicide, one count of vehicular assault, and one count of first degree assault with a crime-of-violence sentence enhancement — charges exposing him to an aggregate prison

1

sentence of between ten and fifty years — in exchange for dismissal of all remaining charges. The district court imposed a twenty-eight-year sentence, and a division of this court affirmed the sentence on direct appeal. *See Bunn I.*

¶ 4 Bunn timely filed a Crim. P. 35(c) motion, which his postconviction counsel supplemented. As now relevant, Bunn claimed that his plea counsel had provided erroneous legal advice regarding the plea. He alleged that counsel never explained the plea deal; told him that he would receive a ten-year nonviolent prison sentence; and instructed him that, at the plea hearing, he should ignore what the court said about his sentence and answer "yes" to the judge's questions.

¶ 5 The postconviction court held a hearing at which Bunn, his ex-wife, and plea counsel (Arthur Nieto) testified. The court then issued a written order finding that Bunn's testimony in support of his allegations hadn't been credible and that Nieto had credibly testified to the contrary. Specifically, Nieto testified that (1) he had discussed the plea agreement in detail and reviewed it "word-by-word" with Bunn; (2) he had never promised Bunn that he would receive a ten-year sentence; and (3) he hadn't told Bunn to answer

2

"yes" to all the court's questions or to ignore what the judge said. Considering this testimony, the plea agreement, and the transcript of the plea hearing, the court found that Bunn hadn't established either deficient performance or prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). It therefore denied Bunn's motion.

## II.    Discussion

¶ 6        As we understand Bunn's argument on appeal, he contends that the postconviction court's credibility findings aren't supported by the record. We aren't persuaded.

¶ 7        In a Crim. P. 35(c) proceeding, the validity of the conviction is presumed, and the defendant bears the burden of proving that he is entitled to postconviction relief. *Dunlap v. People*, 173 P.3d 1054, 1061 (Colo. 2007). When we review a postconviction court's Crim. P. 35(c) ruling following an evidentiary hearing, we defer to the court's assessment of the weight and credibility of witness testimony. *Id.* at 1061-62; *see also Kailey v. Colo. State Dep't of Corr.*, 807 P.2d 563, 567 (Colo. 1991) ("It is . . . the province of the court, as the trier of fact, to determine the credibility of the witnesses and the weight to be given their testimony."). We will set

aside a court's factual findings "only when they are so clearly erroneous as to find no support in the record." *People v. Beauvais*, 2017 CO 34, ¶ 22.

¶ 8 As the postconviction court noted, the record corroborates Nieto's version of events. The transcript of the plea hearing demonstrates that the district court clearly explained the range of possible sentencing for each charge, that Bunn affirmed that he had discussed the plea "in great detail" with Nieto, and that Bunn didn't simply answer "yes" to each of the court's questions. Bunn didn't object to the sentencing ranges described at his plea hearing. The transcript of the sentencing hearing also reveals that Bunn didn't object to the sentence imposed. Moreover, the plea agreement emphasized in bold print that (1) the length of the sentence would fall within the specified range; (2) first degree assault was a crime of violence; and (3) the district attorney wouldn't make any sentencing concessions.

¶ 9 Moreover, we perceive no evidence refuting the postconviction court's credibility findings. Bunn points to his own postconviction testimony, but his testimony itself can't prove that his testimony was true (or that Nieto's testimony was false). The court didn't

make any credibility findings regarding Bunn's ex-wife's testimony, which, as now relevant, only supported that Bunn signed the plea agreement during a five-minute meeting with Nieto. But even if the ex-wife's testimony were credible, it would be insufficient to affirmatively refute the court's credibility findings as to Bunn and Nieto.

¶ 10 For these reasons, we defer to the postconviction court's findings, and we conclude that Bunn didn't meet his burden of proving that his plea counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

## III. Disposition

¶ 11 The order is affirmed.

JUDGE LIPINSKY and JUDGE SULLIVAN concur.