24CA1721 Peo v Walton 02-12-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1721
Adams County District Court No. 16CR1398
Honorable J. Robert Lowenbach, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Patrick Walton,

Defendant-Appellant.

ORDER AFFIRMED

Division VI
Opinion by JUDGE GROVE
Yun and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 12, 2026

Philip J. Weiser, Attorney General, Josiah Beamish, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Robert Borquez, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Patrick Walton, appeals the order denying his motion for postconviction relief after a hearing.  We affirm.

## I.    Background

¶ 2    In exchange for the dismissal of two class 3 felony charges and eight habitual criminal counts, Walton pleaded guilty to two counts of aggravated robbery and agreed to an aggregate thirty-two-year prison sentence.  At the providency and sentencing hearing, the district court repeatedly advised Walton that if he pleaded guilty, he would receive a thirty-two-year sentence.  Before pleading guilty, Walton repeatedly said that he understood the agreed-upon sentence.  In accord with the plea agreement, the court sentenced him to two consecutive terms of sixteen-years in prison.

¶ 3    Walton timely filed a Crim. P. 35(c) motion seeking to withdraw his guilty plea and claiming, as relevant here, that he received ineffective assistance from his plea counsel, Emily Lieberman.  The postconviction court denied the motion without a hearing, and Walton appealed.  A division of this court affirmed the district court's order in part but reversed and remanded the case for an evidentiary hearing on one claim — that Lieberman had provided ineffective assistance by advising Walton that he would receive

1

concurrent sixteen-year sentences and to "simply agree with the judge" about the stipulated thirty-two-year sentence. *See People v. Walton*, slip op. at ¶¶ 7, 14, 22 (Colo. App. No. 21CA1408, Sep. 29, 2022) (not published pursuant to C.A.R. 35(e)).

¶ 4 Walton and Lieberman testified at the evidentiary hearing on remand. Considering the witnesses' testimony and the providency hearing transcript, the postconviction court found that (1) Lieberman's testimony was more credible than Walton's; (2) Lieberman had not advised Walton that he would receive two concurrent sixteen-year sentences; and (3) Lieberman had not told Walton to simply agree with the judge even if he was confused about the sentence. The court ultimately found that Walton had failed to establish a right to postconviction relief and denied his Crim. P. 35(c) claim.

## II.    Discussion

¶ 5 On appeal, Walton contends that the postconviction court erred because his testimony, which supported the factual allegations underlying his claim, was more reliable than the evidence to the contrary. He specifically asserts that because Lieberman did not clearly recollect all the facts of his plea — which

occurred eight years before the postconviction hearing — and he did, the court should not have credited Lieberman's testimony above his own.  We reject this contention.

### A.  Standard of Review and Applicable Law

¶ 6  In a Crim. P. 35(c) proceeding, we presume the validity of a conviction, and the defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to postconviction relief.  *Dunlap v. People*, 173 P.3d 1054, 1061 (Colo. 2007).  When a postconviction court's ruling follows an evidentiary hearing, we review the denial of a Crim. P. 35(c) motion as a mixed question of fact and law.  *People v. Corson*, 2016 CO 33, ¶ 25.

¶ 7  We defer to the court's assessment of the weight and credibility of witness testimony.  *Dunlap*, 173 P.3d at 1061-62; *see also Kailey v. Colo. State Dep't of Corr.*, 807 P.2d 563, 567 (Colo. 1991) ("It is . . . the province of the court, as the trier of fact, to determine the credibility of the witnesses and the weight to be given their testimony.").  And we defer to the court's factual findings unless "they are so clearly erroneous as to find no support in the record."  *People v. Beauvais*, 2017 CO 34, ¶ 22.  But we review de

novo the court's ultimate legal conclusions. *Dunlap*, 173 P.3d at 1063.

¶ 8    To establish ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  First, the defendant must show that counsel's acts or omissions fell outside the wide range of professionally competent assistance.  *Id.* at 687-89.  Second, the defendant must show prejudice from counsel's deficient performance.  *Id.* at 694.  An ineffective assistance claim fails if the defendant does not satisfy either *Strickland* prong.  *Id.* at 697.

## B.    Application

¶ 9    The record supports the postconviction court's factual findings.  The transcript of the providency hearing shows that Lieberman was the one to tell the court that Walton had agreed to "a stipulated sentence of thirty-two years."  And at the postconviction hearing, Lieberman testified that there was "no way" she would have told Walton that he was agreeing to concurrent sixteen-year sentences "and then walked in and said something completely contrary to the court."  She also testified that she would

"absolutely not" tell Walton to just agree with the judge even if he was confused, because to do so would be "highly unethical."

¶ 10 Because we defer to the district court's finding that Lieberman's testimony was more credible than Walton's, *see Dunlap*, 173 P.3d at 1061-62, and to its resolution of factual disputes, *see Beauvais*, ¶ 22, we necessarily reject Walton's argument that his testimony was more reliable than Lieberman's. And because the factual allegations underlying Walton's remaining ineffective assistance claim are contradicted by the record, his claim fails. *Cf.* Crim. P. 35(c)(3)(IV) (permitting summary denial of postconviction claims when the record shows that the factual allegations are untrue.)

### III. Disposition

¶ 11 The order is affirmed.

JUDGE YUN and JUDGE SCHOCK concur.