556 P.2d 87 (1976)
Joseph E. ALESSI, Jr., et al., Petitioners-Appellants,
v.
MUNICIPAL COURT IN AND FOR the CANON CITY, Colorado, and the Honorable John I. Williams, Municipal Judge, Respondents-Appellees.
No. 76-013.
Colorado Court of Appeals, Div. I.
July 22, 1976.
Rehearing Denied September 2, 1976.
*88 Dennis E. Faulk, Canon City, for petitioners-appellants.
Breyfogle & Allen, Larry Dean Allen, Canon City, for respondents-appellees.
Selected for Official Publication.
COYTE, Judge.
Petitioners are five defendants in traffic cases brought in the municipal court of Canon City, Colorado. Each moved for dismissal of his individual case, asserting that the "summons and complaint" was insufficient to accord the court personal jurisdiction over him. The cases were consolidated for argument on the legal issues. After denial of the motions to dismiss, petitioners sought a writ of prohibition in district court to show cause why further proceedings in the municipal court should not be prohibited. The district court discharged the order to show cause, from which order petitioners now appeal. We affirm.
Petitioners' challenge to the summons and complaint is premised on the fact that the Canon City Code makes no provision for the issuance of a summons and complaint by a police officer. However, the power and obligation to promulgate rules governing the procedure in civil and criminal cases is vested in the Supreme Court of Colorado. Colo.Const. Art. VI, § 21.
Furthermore, the legislature has made it clear that the power of home rule cities over the operation of their municipal courts has some limitations, specifically in relation to rules of procedure. Section 13-10-103, C.R.S.1973 provides:
"This article shall apply to and govern the operation of municipal courts in the cities and towns of this state. Except for . . . rules of procedure promulgated by the supreme court, . . . this article may be superseded by charter or ordinance enacted by a home rule city."
Courts of home rule cities, of which Canon City is one, are not excepted from the purview of municipal court rules *89 of procedure issued by the Supreme Court. Hardamon v. Municipal Court, 178 Colo. 271, 497 P.2d 1000. Therefore, questions of jurisdictional defects based on insufficiency of process are to be resolved in accordance with the requirements of the Colorado Municipal Court Rules of Procedure, adopted by the Supreme Court, and effective April 1, 1970.
C.M.C.R. 206(c)(3) provides that a peace officer may issue a summons and complaint either for "an offense constituting a violation which was committed in his presence or, if not committed in his presence, when he has reasonable grounds for believing that the offense was committed in fact and that the offense was committed by the person charged." It also provides that a copy of that summons and complaint shall be filed immediately with the appropriate court. C.M.C.R. 206(c)(4) enumerates the type of information which must be provided in the document to constitute sufficient notice to the defendant:
"The complaint shall contain the name of the defendant; the date and approximate location of the offense; identification of the offense charged, citing the charter or ordinance section alleged to have been violated; and a brief statement or description of the offense charged, which statement or description shall be sufficient if it states the type of offense to which the charter or ordinance relates. The summons and complaint shall contain all the foregoing information and shall also direct the defendant to appear before a specified court at a stated date, time, and place, or in the office of the court clerk or violations bureau as provided in subsection (5) below."
Petitioners urge that the tickets issued by Canon City for violations of traffic ordinances do not meet the requirement of a "summons and complaint" as provided for in C.M.C.R. 206(c)(4) because the document served was a summons only. We do not agree.
The Canon City "Uniform Traffic Ticket and Complaint" summons the named defendant to appear personally in court at a specified date and time. It contains blanks where the date and location of the alleged offense can be inserted. The defendant is given one copy of the ticket and a duplicate copy is filed with the clerk of the court. The copies differ in one respect: The defendant's copy states "You are notified that the officer whose signature appears below will file a sworn complaint in this court charging you with the offense set forth above" whereas in the same space the court copy provides "The undersigned further states that he has just and reasonable grounds to believe and does believe that the person named above committed the offense herein set forth, contrary to law. Sworn to and subscribed before me this ___ day of ___ 19__", signed by the clerk of the municipal court. Both bear the signature of the police officer.
The "Uniform Traffic Ticket and Complaint" contains sufficient information as required for a summons and complaint under the Rule, and thus the Canon City Municipal Court properly acquired personal jurisdiction over the defendants.
Petitioners further contend that a notation of a section number, followed by a check in a box marked "Local Ordinance in such case made and provided" does not describe any specific offense alleged to have been violated, nor does it identify any ordinance over which the municipal court has subject matter jurisdiction.
C.M.C.R. 206(c)(4) requires "Identification of the offense charged, citing the charter or ordinance section alleged to have been violated." The purpose of the rules cited above is to provide for simplicity in procedure and fairness in administration. Where the city and municipal court name is printed on the face of the ticket, the section number together with a reference to the "local ordinance" provides adequate notice to the defendant of the offense allegedly violated.
*90 The ticket form complies with the notice requirements of C.M.C.R. 206, and the order to show cause was properly discharged by the district court.
Judgment affirmed.
PIERCE and RULAND, JJ., concur.